PINKY MURRELL PRICE, ADMINISTRATRIX OF THE ESTATE OF LAWYER MURRELL, DECEASED, v. GERALDINE MILLER.

(Filed 1 November, 1967.)

**1. Trial § 21—**

On motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference to be drawn therefrom.

**2. Negligence § 24a—**

Nonsuit on the issue of negligence should not be allowed unless the evidence is free of material conflict, and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of the defendant, or that his negligence was not a proximate cause of the injury.

**3. Automobiles § 62—**

Evidence tending to show that defendant was driving 60 miles per hour in a 55 mile per hour zone and that she struck a pedestrian on a level, straight road in good weather, with her headlights burning and without seeing the pedestrian until after she hit him, *held* sufficient to be submitted to the jury on the issue of her negligence both in failing to keep a proper lookout and in violating the speed statute.

**4. Negligence § 26—**

Nonsuit for contributory negligence is proper when there is no conflicting inference permissible from plaintiff's proof and it appears there-

from that he was contributorily negligent which constituted a proximate cause of the injury.

**5. Automobiles § 40—**

A pedestrian crossing a highway at a point other than within a marked crosswalk or intersection must yield the right of way to vehicles upon the highway, G.S. 20-174(a), and while his failure to do so is not contributory negligence *per se*, it is sufficient to constitute contributory negligence as a matter of law when the evidence clearly establishes that such failure was one of the proximate causes of his injury.

**6. Automobiles § 38—**

Plaintiff's evidence tended to show that her intestate was struck as he was crossing a highway at a place other than a crosswalk at nighttime, that he was dressed in dark clothes, and that he could have seen defendant's car for a distance of some one-half mile as it approached on the straight highway with its lights burning. *Held:* The evidence discloses contributory negligence on the part of intestate as a matter of law.

APPEAL by plaintiff from *Hubbard, J.,* 31 July 1967 Civil Term of ONSLOW.

Civil action to recover damages for wrongful death of plaintiff's intestate.

It is admitted in the pleadings that U. S. Highway No. 258, at the time and place of the accident, was a straight and level road with no defects, and that the weather was clear and the road was dry.

It was stipulated that the speed limit at the place where the accident occurred was 55 miles per hour and that plaintiff's intestate, Lawyer Murrell, died as a result of the injuries he received in the collision.

The evidence, viewed in the light most favorable to plaintiff, tends to show that John F. Foust saw Lawyer Murrell on the evening of 6 September 1964, standing on the porch of Earl Mill's Shop. He and Murrell left the shop at about the same time and started toward the road. Foust, seeing an automobile coming from the direction of Richlands toward Kinston, turned to his left and walked down the shoulder of the road. He then heard a "lick." He further testified:

"When I heard this lick, I turned around and saw the car that hit Lawyer. I saw Lawyer after he got hit and he was then on the opposite side of the road in front of Mary's place. I did have time to see the car coming towards me. I saw the automobile coming a good ways down the road. In my opinion the speed of the car would have been about 60 miles an hour. . . . From the point where the accident occurred there is a flat, level road for at least half a mile and from the point of

accident, looking in the other direction a person can see for a distance of at least half a mile."

Foust further stated that the headlights on the car were burning.

That night there were a number of people at Earl's Place and Mary's place, which were taverns located beside Highway 258 where the accident occurred.

Earl F. Manning, a member of the North Carolina Highway Patrol, testified that he arrived at the scene at 11:05 P.M. He saw the body of a man lying on the pavement. Manning stated that Murrell was dressed in dark pants and a dark colored coat. The estimated point of impact was approximately 132 feet from the body. Defendant told Manning that she had stopped her car at a point approximately 75 feet from the point of impact. The hood and left front fender of defendant's car were damaged. There was no crosswalk anywhere near the location of the body. Highway 258 was level for about half a mile east of the accident scene and about seven-tenths of a mile to the west. The weather was clear that night. There were no street lights in the area. Defendant told Manning that she was traveling west at about 45-50 miles per hour and that as she met an oncoming car, she was momentarily blinded by the lights. Defendant further stated to him that she struck something which she did not see until she had hit it and then realized it was a person.

The plaintiff, mother of Lawyer Murrell and administratrix of his estate, testified that Murrell was 29 years old at the time of his death and in good health. He had been working for a construction company, and his average pay was about $100 a week.

At the conclusion of plaintiff's evidence, defendant's motion for judgment as of nonsuit was allowed.

Plaintiff appealed.

*Beech & Pollock for plaintiff, appellant.*
*Joseph C. Olschner for defendant, appellee.*

BRANCH, J. This appeal raises two questions. (1) Did plaintiff offer sufficient evidence of actionable negligence on the part of defendant to carry the case to the jury? (2) If so, does plaintiff's evidence establish contributory negligence as a matter of law?

"In passing on a motion for a judgment of involuntary nonsuit, we are required to take plaintiff's evidence as true, and to consider it in the light most favorable to him, and to give him the benefit of every reasonable inference to be drawn

therefrom. . . ." *Jenkins v. Electric Co.*, 254 N.C. 553, 119 S.E. 2d 767.

In the case of *Williams v. Henderson*, 230 N.C. 707, 55 S.E. 2d 462, Barnhill, J. (later C.J.) speaking for the Court, said:

> "A motorist operates his vehicle on the public highways where others are apt to be. His rights are relative. Should he lapse into a state of carelessness or forgetfulness his machine may leave death and destruction in its wake. Therefore, the law imposes upon him certain positive duties and exacts of him constant care and attention. He must at all times operate his vehicle with due caution and circumspection, with due regard for the rights and safety of others, and at such speed and in such manner as will not endanger or be likely to endanger the lives or property of others. G.S. 20-140; . . ."
>
> "He must operate his vehicle at a reasonable rate of speed, keep a lookout for persons on or near the highway, *Cox v. Lee, ante* (230 N.C. 155), decrease his speed when any special hazard exists with respect to pedestrians, (G.S. 20-141(c), and, if circumstances warrant, he must give warning of his approach by sounding his horn. G.S. 20-174(e); . . ."

A nonsuit on the issue of negligence should not be allowed unless the evidence is free of material conflict, and the only reasonable inference that can be drawn therefrom is that there was no negligence on the part of defendant, or that his negligence was not the proximate cause of the injury. *Thomas v. Motor Lines; Motor Lines v. Watson*, 230 N.C. 122, 52 S.E. 2d 377. Here there is material conflict as to whether defendant met another car immediately before the accident, which might have blinded her and prevented her from seeing plaintiff's intestate.

Further, a reasonable inference may be drawn that defendant was not keeping a proper lookout from the fact that she was driving on a level, straight road, in good weather with her headlights on, and never saw plaintiff's intestate until *after* she hit him.

Moreover, there is evidence that defendant was operating her vehicle at a speed of 60 miles per hour in a 55-mile per hour speed zone. G.S. 20-141 sets out the various speed restrictions for motor vehicles. The stipulation of counsel brings this case within G.S. 20-141(b)(4).

"A violation of G.S. 20-141(b)(4) is negligence *per se*." *Stegall v. Sledge*, 247 N.C. 718, 102 S.E. 2d 115.

These circumstances present a case for the jury on the issue of defendant's negligence.

Thus, there remains the decisive question whether plaintiff's evidence establishes contributory negligence on the part of her intestate as a matter of law.

"The burden of showing contributory negligence is on the defendant and a motion for judgment as of nonsuit will not be allowed if the controlling and pertinent facts are in dispute, nor where opposing inferences are permissible from plaintiff's proof. (Citing cases.) But the plaintiff may relieve the defendant of the burden of showing contributory negligence when it appears from his own evidence that he was contributorily negligent." *Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589.

It is provided by G.S. 20-174(a) that every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway. This statute was construed in the case of *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214, where Judge Sharp, speaking for the Court, said:

"The failure of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to a motor vehicle is not contributory negligence *per se;* it is only evidence of negligence. (Citing authority.) However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. (Citing cases).

In the case of *Garmon v. Thomas, supra,* plaintiff's evidence tended to show that he was walking on a dual highway which was being used by two-way traffic. He was refueling flambeaux and setting them along the northern edge of the highway, which was being used for traffic, and that after he had waited on the edge of the pavement for a car traveling east to pass, and after he had looked both ways, he started across the highway and did not see defendant's vehicle until it was within five feet of him. Defendant's evidence showed that he was traveling about 20 miles per hour on the highway and did not see plaintiff until he was within 8 feet of him because he was blinded by the sun. Holding plaintiff to be guilty of contributory negligence as a matter of law on his own evidence, the Court stated:

". . . the plaintiff was at all times under the duty to see the defendant and to yield the right of way to him. In our

opinion, both parties were negligent. The defendant was negligent in failing to exercise due care to avoid colliding with the plaintiff on the highway, *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484, and the plaintiff was negligent in failing to exercise reasonable care for his own safety in that he failed to keep a timely lookout to see what he should have seen and could have seen if he had looked. (Citing cases.) The facts compel the view that the defendant's truck was near the plaintiff and plainly visible to him if he had looked at the time he walked into its path. 'There are none so blind as those who have eyes and will not see.' *Baker v. R. R.,* 205 N.C. 329, 171 S.E. 342."

This Court again approved a nonsuit on the ground of plaintiff's contributory negligence in the case of *Rosser v. Smith,* 260 N.C. 647, 133 S.E. 2d 499, where plaintiff, without lifting her head to look, stepped on the highway from a side road without stopping when she had a clear view of defendant's approaching vehicle and was injured when struck by defendant's vehicle. In affirming the lower court's nonsuit, the Court said:

"The law imposes upon a person *sui juris* the duty to use ordinary care to protect himself from injury, and the degree of such care should be commensurate with the danger to be avoided. (Citing cases.) It was the duty of Mrs. Rosser to look before she started across the highway. (Citation omitted). It was also her duty in the exercise of reasonable care for her own safety to keep a timely lookout for approaching motor traffic on the highway to see what she should have seen and could have seen if she had looked before she started across the highway. . . ."

Another principle of law pertinent to the instant case is set out in *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246, as follows:

"And there is another principle of law applicable to the situation here in hand, that is, that 'one is not under a duty of anticipating negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, a person is entitled to assume, and to act upon the assumption that others will exercise care for their own safety,' 45 C.J. 705. Indeed, the operator of a motor vehicle on a public highway may assume and act upon the assumption that a pedestrian will use reasonable care and caution commensurate with visible conditions, and that he will observe and obey the rules of the

road. See *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239, and authorities there cited. See also *Hobbs v. Coach Co., ante,* 323."

In *Blake v. Mallard, supra,* the plaintiff was walking across a 4-lane highway where there was no crosswalk. Defendant's automobile struck plaintiff in defendant's outside lane. The lights on defendant's car were burning, the road was straight and unobstructed so the lights could be seen for a mile. Following the rules enunciated in *Rosser v. Smith, supra, Garmon v. Thomas, supra,* and *Tysinger v. Dairy Products, supra,* the Court held that plaintiff's evidence revealed her negligence to be one of the proximate causes of her injury so as to constitute contributory negligence as a matter of law.

In the instant case, the evidence reveals that defendant's lights were burning and that plaintiff's intestate could have seen them at any time while defendant's automobile was traveling toward him for a distance of at least one-half mile. The road was straight and level. The weather was clear. We have concluded that plaintiff's evidence provided sufficient inferences of negligence to carry this case to the jury against the defendant on the theory that she failed to keep a proper lookout. If defendant were negligent in not seeing plaintiff's intestate, who was dressed in dark clothes, in whatever length of time he might have been in the vision of her headlights, then plaintiff's intestate must certainly have been negligent in not seeing defendant's vehicle as it approached, with lights burning, along the straight and unobstructed highway.

We must conclude that plaintiff's intestate saw defendant's automobile approaching and decided to take a chance of getting across the road ahead of it, or in the alternative, that he not only failed to yield the right of way to defendant's automobile, but by complete inattention started across the highway without looking.

In any event, the only conclusion that can be reasonably drawn from plaintiff's evidence is that plaintiff's intestate's negligence was at least a proximate cause of his death.

Affirmed.