EUNICE BROWN v. JIMMY RAY WEAVER AND LONNIE WEAVER, GUARDIAN AD LITEM

No. 707SC96

(Filed 27 May 1970)

**1. Trial § 22— nonsuit — sufficiency of evidence**

A nonsuit should not be allowed if the evidence presents material conflicts or if there are reasonable inferences to be drawn from the evidence other than that defendant was not negligent or that his negligence was not the proximate cause of the injuries complained of.

**2. Negligence § 35; Automobiles § 73— nonsuit for contributory negligence**

Nonsuit on the ground of contributory negligence is proper only when plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injuries that no other reasonable inference may be drawn.

**3. Automobiles § 62— pedestrian struck by automobile at intersection — sufficiency of evidence for jury**

In this action for personal injuries allegedly sustained by plaintiff pedestrian when she was struck by defendant's automobile while crossing the street within a pedestrian crosswalk at an uncontrolled T-intersection, plaintiff's evidence presented a question for the jury and the trial court erred in granting defendant's motion for nonsuit.

APPEAL by plaintiff from *Bundy, J.,* 8 September 1969 Civil Session of NASH County Superior Court.

This is an action to recover for injuries sustained by plaintiff while she was crossing a street in Rocky Mount when she was allegedly struck by an automobile being driven by defendant. Plain-

tiff alleged that she was struck while walking in a pedestrian cross-walk and that defendant failed to keep a proper lookout, failed to yield the right-of-way, failed to keep his vehicle under proper control and failed to give proper warning by sounding the horn of his car. The accident occurred immediately after defendant had turned right off Howard Street onto Western Avenue, a one-way street, at approximately noon on Christmas eve, 1966, at the "T" intersection of Western Avenue and Howard Street, which dead ends into Western Avenue. At the time of the accident it had been intermittently raining and sleeting.

The evidence in the case consists of testimony of witnesses for plaintiff and the adverse deposition of defendant. That portion about which there is no dispute tends to show that after the accident at least one-half of plaintiff's body was lying within the area designated as a pedestrian crosswalk somewhere near the middle of Western Avenue. Defendant was driving about five miles per hour and was aware of the existence and location of the crosswalk. There was no traffic light at the intersection. Some conflicts do arise between the testimony of plaintiff's witnesses and the defendant's version of the accident as stated in his deposition. Two of plaintiff's witnesses testified that the traffic was heavy on Western Avenue at the time of the accident. Defendant stated that there was no traffic on Western Avenue at the time of the accident. Defendant stated that a truck was parked in a no parking zone on Howard Street at the corner of the intersection and that his vision to the right was blocked by the truck. He states that he told the police officer about this truck. The officer, who testified for plaintiff, did not remember seeing a truck parked in the no parking zone but admitted that he arrived at the scene about two minutes after the accident and that it could have been moved. He testified that defendant did not tell him anything about a truck being parked in the no parking zone. The officer further testified that defendant made a statement shortly after the accident that "he had glanced to his left to see if any traffic was coming in his direction and that when he looked back the pedestrian was in front of him." Defendant states that he never saw plaintiff and learned of the accident when a passenger in his car told him that he had hit someone. Another witness for plaintiff testified that he was near the scene when the collision occurred, that he heard a "lick" and turned around and saw the plaintiff lying in the middle of the street. He further testified that he did not remember a truck being parked at the intersection of Howard Street and Western Avenue.

At the close of plaintiff's evidence, defendant made a motion for a judgment of nonsuit which was granted. Plaintiff appealed.

*Thorp and Etheridge by William D. Etheridge and Stephen E. Culbreth for plaintiff appellant.*

*Boyce, Mitchell, Burns and Smith by F. Kent Burns for defendant appellee.*

MORRIS, J.

Plaintiff's only assignment of error is bottomed on whether the granting of defendant's motion for nonsuit and the subsequent dismissal of plaintiff's suit was error. In *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969), the Court presents five rules to be followed when a motion for nonsuit is being considered. They are:

"1. All the evidence which tends to support plaintiff's claim must be taken as true and considered in its light most favorable to plaintiff, giving her the benefit of every reasonable inference which legitimately may be drawn therefrom. (Citation omitted.)

2. Contradictions, conflicts and inconsistencies are resolved in plaintiff's favor. (Citations omitted.)

3. Defendants' evidence which contradicts that of the plaintiff, or tends to show a different state of facts is disregarded. (Citations omitted.) Only that part of it which is favorable to plaintiff can be considered. (Citations omitted.)

4. Acts of contributory negligence not alleged in the answer should be ignored. (Citations omitted.)

5. When opposing inferences are permissible from plaintiff's evidence, nonsuit on the basis of contributory negligence as a matter of law should be denied. (Citations omitted.)"

**[1, 2]** A nonsuit should not be allowed if the evidence presents material conflicts or if there are reasonable inferences to be drawn from the evidence other than that defendant was not negligent or that his negligence was not the proximate cause of the injuries complained of. *Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967). Nonsuit on the ground of plaintiff's contributory negligence is proper only when plaintiff's evidence, considered in the light most favorable to her, so clearly establishes her own negligence as one of the proximate causes of her injuries that no other reasonable inference may be drawn. *Carter v. Murray,* 7 N.C. App. 171, 171 S.E. 2d 810 (1970).

**[3]** Applying these principles to the evidence in the instant case,

we hold that it was error to grant defendant's motion for nonsuit and dismiss the action.

Reversed.

MALLARD, C.J., and GRAHAM, J., concur.