L. M. THORNTON, ADMINISTRATOR OF THE ESTATE OF FREDERICK ODECT THORNTON v. ANTHONY BRUCE CARTWRIGHT AND BRUCE NORMAN CARTWRIGHT

No. 761SC316

(Filed 15 September 1976)

Automobiles § 83— wrongful death — pedestrian's contributory negligence

In a wrongful death action where the evidence tended to show that defendant was traveling south at 70 mph at night in the proper lane when he struck plaintiff's decedent, the road was level and straight for a distance of at least .3 of a mile north from the point of impact, nothing obstructed the view to the north, defendant's headlights were burning, plaintiff's decedent walked 12 or 15 feet west across the road and into the path of defendant's automobile, and decedent was not in a pedestrian crosswalk at the time of the accident, the trial court properly granted defendant's motion for directed verdict, since even if defendant was negligent in failing to see and avoid plaintiff's decedent, plaintiff's decedent was also contributorily negligent as a matter of law in failing to see and avoid defendant.

APPEAL by plaintiff from *Webb, Judge.* Judgment entered 16 December 1975 in Superior Court, CAMDEN County. Heard in the Court of Appeals 31 August 1976.

This appeal comes from a directed verdict for the defendant entered at the close of the plaintiff's evidence. Evidence tended to show that on the night of 10 November 1973 defendant, Anthony Bruce Cartwright, and plaintiff's decedent, Frederick Odect Thornton, were racing their automobiles on Rural Paved Road # 1107 in Camden County. Plaintiff's decedent stopped his car on the west side of this north-south road while defendant drove north some distance, turned around and started back. During this time, plaintiff's decedent left his car and crossed to the east side of the road to talk to the occupants of a car parked there with its headlights shining north and slightly west across Road # 1107. Defendant, returning from the north, rounded a curve at least three-tenths of a mile from the place where plaintiff's decedent and the cars were and proceeded south at a speed estimated to be between 45 and 70 m.p.h. Defendant was partially blinded by the glare of the parked car's headlights. He could see the road, but he could not see beyond the parked car, and he never saw decedent. As defendant drove south, plaintiff's decedent turned from the parked car and walked back across the 18-foot wide road. Before reaching the other side, plaintiff's decedent was struck and killed by defendant.

The trial court granted defendant's motion for a directed verdict, holding that plaintiff's decedent was contributorily negligent as a matter of law.

*Moore & Moore, by Milton E. Moore, and John Harmon, for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, P.A., by L. P. Hornthal, Jr., for defendant appellees.*

ARNOLD, Judge.

When the defendant moves for a directed verdict, the evidence must be considered in the light most favorable to the plaintiff. So considered, the evidence tends to show that defendant was traveling south at 70 m.p.h., at night, in the proper lane, when he struck plaintiff's decedent. The road was level and straight for a distance of at least three-tenths of a mile north from the point of the impact, nothing obstructed the view to the north, and defendant's headlights were burning. Finally, the evidence shows that plaintiff's decedent walked perhaps twelve or fifteen feet west across the road and into the path

of defendant's automobile and that decedent was not in a pedestrian crosswalk at the time of the accident.

In the case of *Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967), the defendant was driving 60 m.p.h. in a 55 m.p.h. zone at night with her headlights burning. She had come one-half mile down a straight and level stretch of road when she struck plaintiff's intestate who was crossing the road outside of any crosswalk. The court concluded that there was a case for the jury on defendant's negligence, but even so plaintiff was guilty of contributory negligence as a matter of law. Our Supreme Court reasoned as follows:

> "If defendant were negligent in not seeing plaintiff's intestate, who was dressed in dark clothes, in whatever length of time he might have been in the vision of her headlights, then plaintiff's intestate must certainly have been negligent in not seeing defendant's vehicle as it approached, with lights burning, along the straight and unobstructed highway.
>
> We must conclude that plaintiff's intestate saw defendant's automobile approaching and decided to take a chance of getting across the road ahead of it, or in the alternative, that he not only failed to yield the right of way to defendant's automobile, but by complete inattention started across the highway without looking.
>
> In any event . . . plaintiff's intestate's negligence was at least a proximate cause of his death." 271 N.C. at 696, 157 S.E. 2d at 351.

Following *Price,* we hold that even if defendant was negligent in failing to see and avoid plaintiff's decedent, plaintiff's decedent was also contributorily negligent as a matter of law in failing to see and avoid defendant. The motion for directed verdict was correctly granted.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.