JOAN BARLOW HUGHES, ADMINISTRATRIX OF THE ESTATE OF ALLEN RUFUS BARLOW v. SHEILA GOFORTH GRAGG AND ALFRED LEE GRAGG

No. 8225SC623

(Filed 3 May 1983)

1. **Automobiles and Other Vehicles § 62.3— striking of pedestrian—insufficient evidence of negligence**

   The evidence in a wrongful death action showed that defendant driver was confronted with a sudden emergency and was insufficient to establish actionable negligence by defendant where it tended to show that defendant was driving late at night when she saw decedent and another man walking, one on each side of the road; when decedent began to wander into her lane of travel, defendant drove over into the middle of the road; and decedent suddenly walked or jumped into the path of defendant's car and was struck by the front of the car.

2. **Automobiles and Other Vehicles § 83.2— contributory negligence by pedestrian**

   The evidence in a wrongful death action established decedent's contributory negligence as a matter of law where it showed that while decedent was walking on the highway late at night in a state of extreme intoxication, he walked or jumped directly into the path of defendant's moving vehicle.

3. **Automobiles and Other Vehicles § 86— striking of pedestrian—insufficient evidence of last clear chance**

   The evidence in a wrongful death action did not require the trial court to submit an issue of last clear chance where it showed that as soon as defendant saw decedent wander into her lane of travel, she swerved toward the center of the road, but that decedent suddenly walked or jumped into the path of defendant's car.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 31 March 1982 in Superior Court, CALDWELL County. Heard in the Court of Appeals 21 April 1983.

Plaintiff appeals from a directed verdict for defendants in a wrongful death action.

*Todd, Vanderbloemen and Respess, by James R. Todd, Jr., for plaintiff appellant.*

*Roberts, Cogburn, McClure & Williams, by Robert G. Mc-Clure, Jr., and Isaac N. Northup, Jr., for defendant appellees.*

WHICHARD, Judge.

## I.

The complaint alleged that defendant-wife, while driving negligently, struck and killed plaintiff's decedent, who was walking along the side of the road facing the traffic.

Defendants' answer denied negligence on the part of defendant-wife. It pled contributory negligence on the part of plaintiff's decedent, in that he suddenly and without warning stepped in front of defendants' car, creating a sudden emergency in which defendant-wife "acted as any reasonable and prudent person would have done under the same or similar circumstances . . . ."

Plaintiff replied, pleading that if her decedent was contributorily negligent, defendant-wife knew or should have known of his situation in time to avoid injuring and killing him. She further pled that defendant-wife was negligent in failing to use reasonable care to avoid striking and killing decedent; that rather than using such care, she "intentionally speeded up her vehicle," striking decedent in the process; that she had the last clear chance to avoid striking and killing decedent; and that even if decedent was contributorily negligent, plaintiff is still entitled to recover under the doctrine of last clear chance.

## II.

Plaintiff's evidence, in pertinent part, showed the following:

Donna Phillips testified that she had gone to the store around 11:00 p.m. on the evening in question. As she returned to her home she observed an automobile emerging from an intersection. After the automobile turned onto another road, she proceeded until she saw a person lying in the road about a quarter of a mile from the intersection where the automobile had emerged.

She had, without difficulty, seen two men walking on the same side of the road as she drove to the store. She found the

body of a man approximately 300 feet from where she had seen the men on the road. To the best of her knowledge it was the body of one of the men she earlier had seen walking.

Clyde Pope testified that the incident occurred "at the edge of [his] land." While he and his wife were watching television, they "heard the bump," which sounded like two cars had run together. He then "heard tires or something going out through there." He went to the road and "saw the body laying down there."

Plaintiff, decedent's mother, testified on direct examination that defendant-wife had told her the following:

As she drove down the road she saw two men walking on it, one on each side. The one on the right did not walk straight. She was frightened seeing men on the road late at night, so she speeded up and pulled toward the center of the road to try to avoid hitting one of them. The next thing she knew decedent was in front of her and threw up his hands and looked like he smiled when she hit him.

Plaintiff asked her why she speeded up. She replied: "When I see men on the road late at night it frightens me."

On cross examination plaintiff testified that defendant-wife had told her "that she saw [two] men in the road, one on one side, one on the other." She had said that "she noticed that the one on the right, or one side at least, started into the road." She did not tell her "that she turned her car toward the center of the road and slowed her car down." Rather "[s]he said she speeded up and got in the center of the road."

The investigating patrolman testified that he asked for a chemical test because he "smelled liquor" on decedent. Defendant-wife told him the following:

She saw two men walking, one on each side of the road. The man on the right shoulder began to wander into her lane of travel. She slowed down and drove over into the middle of the road "when all of a sudden the man that had wandered into the road jumped in front of her car and was waving his hands at her when she struck him with the right front of her car." The other man came toward her car, which frightened her even more, and

she fled the scene to go to the nearest phone to call the "authorities."

A physician, stipulated to be a medical expert specializing in pathology, testified that multiple blunt injuries "from the front" proximately caused decedent's death. In his opinion the injuries were the result of some severe blunt force to decedent's body. Decedent, at the time of his death, had a blood ethanol level of 220 milligrams percent. This indicated that decedent was "very, very drunk," and that his physical and mental faculties were appreciably impaired.

## III.

The trial court granted defendants' motion for directed verdict at the close of plaintiff's evidence on the grounds that the evidence failed to show actionable negligence on the ·part of defendants and showed contributory negligence as a matter of law. We agree, and accordingly affirm.

## IV.

[1] The evidence was insufficient to establish actionable negligence on the part of defendants. It indicated only that defendant-wife was confronted with a sudden emergency, and it did not show any choice of action on her part which "was not such choice as a person of ordinary care and prudence would have made under similar circumstances." *Schloss v. Hallman,* 255 N.C. 686, 690, 122 S.E. 2d 513, 516 (1961).

## V.

[2] The only evidence as to decedent's conduct indicated that while walking on the highway late at night in a state of extreme intoxication, he walked or jumped directly into the path of a moving vehicle. This evidence "establishes [decedent's] negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom," thus rendering him contributorily negligent as a matter of law. *Rappaport v. Days Inn,* 296 N.C. 382, 384, 250 S.E. 2d 245, 247 (1979).

## VI.

[3] The court properly declined to submit the issue of last clear chance. The burden was on plaintiff to establish that the doctrine applied. *Vernon v. Crist,* 291 N.C. 646, 654, 231 S.E. 2d 591, 596

(1977); *Stephens v. Mann,* 50 N.C. App. 133, 135, 272 S.E. 2d 771, 772 (1980), *disc. rev. denied,* 302 N.C. 221, 276 S.E. 2d 919 (1981).

It is well established that in order to submit the issue of last clear chance to the jury, the evidence must tend to show the following elements: (1) that plaintiff, by his own negligence, placed himself in a position of peril (or a position of peril to which he was inadvertent); (2) that defendant saw, or by the exercise of reasonable care should have seen, and understood the perilous position of plaintiff; (3) that he should have so seen or discovered plaintiff's perilous condition in time to have avoided injuring him; (4) that notwithstanding such notice defendant failed or refused to use every reasonable means at his command to avoid the impending injury; and (5) that as a result of such failure or refusal plaintiff was in fact injured.

*Wray v. Hughes,* 44 N.C. App. 678, 681-82, 262 S.E. 2d 307, 309-10, *disc. rev. denied,* 300 N.C. 203, 269 S.E. 2d 628 (1980). "The doctrine contemplates that if liability is to be imposed the defendant must have a last 'clear' chance, not a last 'possible' chance to avoid injury." *Grant v. Greene,* 11 N.C. App. 537, 541, 181 S.E. 2d 770, 772 (1971). *Accord, Battle v. Chavis,* 266 N.C. 778, 781, 147 S.E. 2d 387, 390 (1966); *Artis v. Wolfe,* 31 N.C. App. 227, 229, 228 S.E. 2d 781, 782, *disc. rev. denied,* 291 N.C. 448, 230 S.E. 2d 765 (1976).

The evidence does not permit a reasonable inference that defendant-wife should have seen decedent's perilous condition in time to have avoided injuring him, or that she failed or refused to use every means at her command to avoid the injury. All the evidence is to the effect that as soon as she saw decedent she swerved toward the center of the road, a movement away from decedent, in an attempt to avert the collision. She conceivably had the last "possible" chance to avert the collision, but she clearly did not have the last "clear" chance which the law requires to merit submission of the issue to the jury.

Affirmed.

Judges WEBB and BRASWELL concur.