JOHN TROY, ADMINISTRATOR OF THE ESTATE OF JOSEPH TROY, DECEASED v. GEORGE WAITUS TODD

No. 8313DC486

(Filed 17 April 1984)

**Automobiles and Other Vehicles §§ 62.3, 83.2— striking pedestrian at night—failure to keep proper lookout—contributory negligence**

　　Evidence that defendant motorist failed to see a pedestrian in or upon the roadway at night before striking him constituted some evidence that defendant was negligent in failing to keep a proper lookout. Furthermore, evidence tending to show that plaintiff's intestate was walking in defendant's lane of travel with his back toward the traffic in violation of G.S. 20-174 was some evidence of negligence by plaintiff's intestate but did not constitute contributory negligence *per se*.

APPEAL by plaintiff from *Trest, Judge.* Judgment entered 3 March 1983 in BRUNSWICK County District Court. Heard in the Court of Appeals 13 March 1984.

Plaintiff, the administrator of the estate of Joseph Troy, filed a claim against defendant, George W. Todd, for the wrongful

death of plaintiff's intestate, who was struck by defendant's car as he walked on State Road 1430 on 16 January 1981.

At trial plaintiff's evidence consisted of the testimony of defendant; Trooper B. C. Jones of the North Carolina Highway Patrol, who investigated the accident; Henry Lee Ballard, an acquaintance of plaintiff's intestate, who owned an entertainment spot called the L. T. D. Club; and plaintiff. Henry Lee Ballard testified that on the evening of the collision, Joseph Troy went to the L. T. D. Club where he helped Ballard clean the tables and prepare to open the club. Troy did not complain of ill health, nor did he consume any alcoholic beverages on the night of his death. After dark, about 6:55 p.m., Troy told Ballard that he was going home, and left the club.

Defendant testified that on the evening of the collision he was driving on State Road 1430 on the way to work. It was dark and the weather was clear. Defendant had his headlights on, and while he could not recall whether they were on bright or dim, he could see 200 feet ahead. Defendant was driving 35 to 40 miles per hour. Defendant saw Troy, who was wearing dark clothes, "just an instant or so" before he struck Troy. Troy had his back to defendant and was two and one-half to three feet "from the shoulder on the paved portion of the road." As soon as defendant saw Troy, he swerved to avoid Troy. Defendant applied his brakes and hit Troy at the same time. The impact occurred at the right front headlight of defendant's car. There were no lights in the area. Defendant stopped, found Troy's body on the side of the road, and then summoned help.

Patrolman Jones testified that he investigated the collision. He found Troy's body on the right shoulder of the road, completely off the pavement. There were about 15 to 20 feet of skid marks leading up to the body, and about 99 feet of skid marks leading away from the body to the spot where defendant's car stopped. A small amount of broken glass and debris was found in the right hand travel lane. There were no skid marks on the shoulder of the road.

Following the close of plaintiff's evidence, the trial judge granted defendant's motion for a directed verdict. From entry of the directed verdict, plaintiff appealed.

*Stuart V. Carter for plaintiff.*

*McGougan, Wright & Worley, by D. F. McGougan, Jr., for defendant.*

WELLS, Judge.

It is well established that a defendant's motion for a directed verdict under N.C. Gen. Stat. § 1A-1, Rule 50(a) of the Rules of Civil Procedure ". . . tests the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. . . . On defendant's motion for a directed verdict, plaintiff's evidence must be taken as true and all the evidence must be considered in the light most favorable to the plaintiff, giving him the benefit of every reasonable inference to be drawn therefrom." (Citations omitted) *Manganello v. Permastone, Inc.,* 291 N.C. 666, 231 S.E. 2d 678 (1977). "Where the question of granting a directed verdict is a close one, the better practice is for the trial judge to reserve his decision on the motion and allow the case to be submitted to the jury." *Id.*

Defendant's motion asserted two grounds: (1) lack of negligence by defendant; or (2) if defendant was negligent, plaintiff's intestate was contributorily negligent as a matter of law. We first examine the issue of plaintiff's negligence. N.C. Gen. Stat. § 20-174 (1983), provides, in pertinent part,

> (d) . . . Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the extreme left of the roadway or its shoulder facing traffic which may approach from the opposite direction. Such pedestrian shall yield the right-of-way to approaching traffic.

> (e) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

Evidence of a violation of G.S. § 20-174 does not constitute negligence or contributory negligence *per se*, but rather is some proof of negligence, to be considered with the rest of the evidence

in the case. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976). Every motorist is under duty to exercise due care to avoid colliding with pedestrians on a roadway. Such duty of due care includes to keep a proper lookout, i.e., to look in the direction of travel, to see what is there to be seen. Although the failure of a motorist to stop a vehicle within the range of his headlights or the range of his vision does not constitute negligence *per se, see* N.C. Gen. Stat. § 20-141(n) (1983), the failure of a motorist to see a person in or upon  a roadway at night before striking him constitutes some evidence of negligence. *Clark v. Bodycombe, supra.*

In *Clark v. Bodycombe, supra*, plaintiff's evidence showed that the plaintiff was walking beside a city street, but was forced to step down into the street to avoid a car parked in a driveway across her path. The plaintiff stepped into the gutter and was walking around the parked car when she was struck by defendant's vehicle. At the time of the accident, it was dark and a light rain was falling. Defendant testified that he saw only a "shadow dodging traffic" before his car struck the plaintiff. Our supreme court concluded that ". . . there was ample evidence from which the jury could infer that defendant negligently failed to keep a proper lookout and negligently failed to keep his vehicle under control thereby proximately causing plaintiff's injuries." Because of the similarity of facts, we believe that *Clark v. Bodycombe, supra*, compels us to hold that there was sufficient evidence that defendant failed to keep a proper lookout to support a finding of negligence in the case at bar. *But see Rogers v. Green*, 252 N.C. 214, 113 S.E. 2d 364 (1960) (insufficient showing of defendant's negligence where pedestrian was dressed in dark blue uniform and white hat and was struck by defendant's car along a rural paved road at night), *Thompson v. Coble*, 15 N.C. App. 231, 189 S.E. 2d 500, *cert. denied*, 281 N.C. 763, 191 S.E. 2d 360 (1972) (insufficient showing of defendant's negligence where defendant was traveling about 30 miles per hour along a rural paved road at night, heard a noise but saw nothing before the collision. The pedestrian was found later, dressed in dark clothes, lying in the ditch off the shoulder of the road).

We turn now to the issue of whether, despite evidence of defendant's negligence, entry of a directed verdict was proper on the ground that plaintiff's intestate's contributory negligence was shown as a matter of law. Evidence tending to show that

plaintiff's intestate was walking in the travel lane of the road with his back toward the traffic, in violation of G.S. § 20-174, is some evidence of negligence, but does not constitute contributory negligence *per se. Clark v. Bodycombe, supra.* As in *Bodycombe,* we hold that plaintiff's evidence was sufficient to permit ". . . diverse inferences as to whether plaintiff['s intestate] acted in a reasonable manner and whether . . . [his] acts proximately caused . . . [his] injuries. Thus, the issue of contributory negligence should have been submitted to the jury." *Id. But see Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967), *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214 (1964), *Thornton v. Cartwright,* 30 N.C. App. 674, 228 S.E. 2d 50 (1976) (different rule in cases involving pedestrians attempting to cross highways at night outside of a crosswalk). This holding is consistent with the general rule that ordinarily it is for the jury to determine from the attendant circumstances what proximately caused an injury.

Reversed.

Judges ARNOLD and BRASWELL concur.