CLAUDE EUGENE MEADOWS AND BERNICE JENKINS MEADOWS v. CRAIG JOHN LAWRENCE

No. 8422SC684

(Filed 4 June 1985)

1. **Automobiles and Other Vehicles § 83.2— pedestrian—contributory negligence —summary judgment for driver proper**

    Plaintiff's conduct constituted contributory negligence as a matter of law where he was standing in defendant's lane of Highway 64; defendant's car, with its headlights on, turned onto the road at a distance of at least 100 feet from plaintiff; the weather conditions were clear and dry; the road was straight and visibility unobstructed; just before impact defendant's car was traveling at about 43 miles per hour; and between the time defendant's car turned onto the highway and the time of the collision, plaintiff took one or two steps toward the center of the road. G.S. 20-174(a) (1983).

2. **Automobiles and Other Vehicles § 86— last clear chance—not pleaded—not considered**

    Plaintiffs' contention that summary judgment for defendant was inappropriate because a genuine issue of fact existed as to last clear chance was not addressed where plaintiffs did not plead facts sufficient to invoke the doctrine and did not exercise the option of filing a reply. G.S. 1A-1, Rule 7(a).

    Judge WELLS dissenting.

APPEAL by plaintiffs from *Helms, Judge.* Ordered entered 2 April 1984 in Superior Court, IREDELL County. Heard in the Court of Appeals 13 February 1985.

*Harris & Pressly, by Edwin A. Pressly and Gary W. Thomas, for plaintiff appellants.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for defendant appellee.*

BECTON, Judge.

I

Plaintiffs, Claude Eugene Meadows and Bernice Jenkins Meadows, filed this negligence action against defendant, Craig John Lawrence, the driver, to recover damages for injuries sustained when Lawrence's car struck Mr. Meadows. Lawrence answered, alleging Mr. Meadows' contributory negligence as a proximate cause of the accident. Lawrence subsequently moved for, and was granted, summary judgment. Plaintiffs appeal, arguing that genuine issues of fact exist as to whether Meadows was contributorily negligent, and whether Lawrence had the last clear chance to avoid striking Meadows. We conclude that the evidence establishes Meadows' contributory negligence as a matter of law. Furthermore, as the plaintiffs failed to plead last clear chance, we do not consider that issue on the merits. We therefore affirm the trial court's entry of summary judgment.

II

Factual Background

On 28 August 1981, at about 10:30 p.m., Lawrence pulled out of a bowling alley parking lot onto U.S. Highway 64 West, heading towards Statesville. The weather conditions that night were clear and dry. As Lawrence pulled out, he saw the headlights of a car approaching from the opposite direction. He passed this car, and a second or two later, Lawrence first saw Meadows in the middle of his traffic lane at a distance Lawrence estimated at 50 to 70 feet.

Lawrence swerved to the left and applied his brakes. According to Lawrence, Meadows then staggered one or two steps at a forty-five degree angle towards the center of the highway. The collision took place at the left center of Lawrence's traffic lane; Meadows was struck by the middle portion of the bumper of Lawrence's vehicle. Lawrence testified that just before the acci-

dent, he was travelling at about 43 miles per hour, and that his headlights were on low beams at all times. Lawrence estimated that ten to fifteen seconds elapsed from the time he pulled out of the parking lot until the time of impact; he also estimated the distance between the point where he pulled out and the point of impact at 100 to 150 feet. The evidence showed that that portion of highway between the bowling alley and the site of the accident is straight with a slight uphill grade, and the visibility is unobstructed. According to Lawrence, there is a streetlight at the parking lot exit, and "a few" more streetlights between the parking lot and the point of impact.

Meadows submitted the affidavit of Elmer Cromie. Cromie stated that shortly before the accident he had travelled along that same stretch of Highway 64 in the same westerly direction as Lawrence. He stated that he had his headlights on low beam and that he first saw Meadows crossing his traffic lane from about 65 feet away, and that he had about 1½ seconds to maneuver around Meadows. He did so successfully, without taking his foot off the accelerator or applying his brakes.

## III

[1] In his motion for summary judgment, Lawrence alleged that Meadows was contributorily negligent as a matter of law "in that he placed himself in the main travelled portion of a U.S. Highway and failed to see the oncoming vehicle and remove himself from the lane of traffic in which the defendant was proceeding." Meadows, however, cites *Troy v. Todd,* 68 N.C. App. 63, 313 S.E. 2d 896 (1984), as authority for his contention that the issue of contributory negligence should be resolved by a jury.

In a motion for summary judgment, the movant has the burden of proving that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. *Ragland v. Moore,* 299 N.C. 360, 261 S.E. 2d 666 (1980). All reasonable inferences of fact are drawn against the movant. *Id.* Issues of contributory negligence, like issues of negligence, are rarely appropriate for summary judgment, *Ballenger v. Crowell,* 38 N.C. App. 50, 247 S.E. 2d 287 (1978), as it usually remains for a jury to apply the standard of the prudent person to the facts. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). However, where the uncontroverted evidence shows that a

plaintiff has failed to use due care and that such contributory negligence was at least one of the proximate causes of plaintiff's injuries, a defendant is entitled to summary judgment. *Brooks v. Francis,* 57 N.C. App. 556, 291 S.E. 2d 889 (1982).

Statutory and common law provide the standard of due care applicable to a person in Meadows' situation. N.C. Gen. Stat. Sec. 20-174(a) (1983) requires that a pedestrian "crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." Although a violation of G.S. Sec. 20-174(a) (1983) is not contributory negligence *per se, Dendy v. Watkins,* 288 N.C. 447, 219 S.E. 2d 214 (1975), a failure to yield the right-of-way to a motor vehicle may constitute contributory negligence as a matter of law:

> [T]he court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible.

*Ragland v. Moore,* 299 N.C. at 364, 261 S.E. 2d at 668 (quoting *Blake v. Mallard,* 262 N.C. 62, 65, 136 S.E. 2d 214, 216 (1964), noting functional equivalence of nonsuit, directed verdict, and summary judgment).

The statutory duty is derived from the common law duty to use ordinary care to protect oneself from injury. In a situation factually similar to the one before us, the Supreme Court stated:

> It was plaintiff's duty to look for approaching traffic before she attempted to cross the highway. Having started, it was her duty to keep a lookout for it as she crossed.

*Blake v. Mallard,* 262 N.C. at 65, 136 S.E. 2d at 216-7. *Accord Garmon v. Thomas,* 241 N.C. 412, 85 S.E. 2d 589 (1955) (plaintiff was negligent in failing to keep a "timely lookout").

The courts of this State have, on numerous occasions, applied the foregoing standard of due care when the plaintiff was struck by a vehicle while crossing a road at night outside a crosswalk. If the road is straight, visibility unobstructed, the weather clear, and the headlights of the vehicle in use, a plaintiff's failure to see

and avoid defendant's vehicle will consistently be deemed contributory negligence as a matter of law. *See Price v. Miller,* 271 N.C. 690, 157 S.E. 2d 347 (1967); *Blake v. Mallard; Hughes v. Gragg,* 62 N.C. App. 116, 302 S.E. 2d 304 (1983); *Thornton v. Cartwright,* 30 N.C. App. 674, 228 S.E. 2d 50 (1976). The sole case relied upon by plaintiff, *Troy v. Todd,* involves a situation where plaintiff-pedestrian was walking on the edge of defendant's lane with his back towards traffic, and specifically distinguishes the cases on which we rely.

In applying the law to the instant facts, we review the evidence in the light most favorable to Meadows, the non-movant. In so doing, we find that Meadows was standing in Lawrence's lane of Highway 64; that Lawrence's car, with its headlights on, turned onto the road at a distance of at least 100 feet from Meadows; that the weather conditions were clear and dry; that the road was straight and the visibility unobstructed; that just before impact the car was travelling at about 43 miles per hour; and between the time Lawrence's car turned onto the highway and the time of the collision, Meadows took one or two steps towards the center of the road. Based on these facts, we conclude that Meadows failed to exercise due care commensurate with the situation in which he had placed himself; that such failure constituted contributory negligence as a matter of law; and that Meadows' contributory negligence was a proximate cause of the accident.

IV

[2] Plaintiffs also argue that summary judgment for Lawrence was inappropriate because a genuine issue of material fact exists as to whether driver Lawrence had the last clear chance to avoid striking the pedestrian Meadows. We find that the plaintiffs' pleadings were not sufficient to raise this defense, and we are thus precluded from addressing this argument. It is well-settled that some pleading alleging last clear chance is necessary if a plaintiff seeks to invoke this doctrine to avoid the affirmative defense of contributory negligence. *Vernon v. Crist,* 291 N.C. 646, 231 S.E. 2d 591 (1977). While the recommended pleading practice is to file a reply alleging last clear chance, *see* Rule 7(a), North Carolina Rules of Civil Procedure, if plaintiff's complaint contains factual allegations sufficient to give rise to the doctrine, these

allegations alone will enable plaintiff to invoke the doctrine. *Vernon v. Crist; Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968). In the case *sub judice*, the plaintiff did not exercise the option of filing a reply, nor, even under the liberal requirements of notice pleading, have the plaintiffs pleaded facts in their complaint sufficient to invoke the doctrine. Therefore, we do not reach the issue whether the defendant had the last clear chance to avoid the accident.

## V

Concluding as we do that Meadows was contributorily negligent as a matter of law, and that the pleadings were insufficient to raise the issue of last clear chance, summary judgment must be, and is,

Affirmed.

Judge WELLS dissents.

Judge WHICHARD concurs.

Judge WELLS dissenting.

This is an unusual case. While I agree that the forecast of evidence shows that plaintiff Claude Meadows may have been contributorily negligent, I cannot agree that the forecast conclusively established that fact. The forecast shows that Meadows, a pedestrian, in an intoxicated condition, was attempting to cross a highway after dark, and that defendant did not see Meadows until moments (or a few seconds) before he struck Meadows near the center of defendant's lane of travel.

The issue of last clear chance is also of doubtful resolution. While it is clear that plaintiff has not alleged last clear chance, the forecast of evidence would tend to establish a last clear chance situation — *i.e.*, an intoxicated pedestrian in a position of peril (crossing a highway after dark) who was not seen by defendant in time to avoid hitting Meadows, and that if defendant had been keeping a proper lookout, he reasonably could have seen Meadows in time to avoid him. In his deposition in support of his summary judgment motion, defendant testified that Meadows was in the road in defendant's lane of travel, back side to defendant,

or at an angle to defendant, that defendant had entered the highway only seconds before reaching Meadows, and that he saw Meadows "momentarily" before striking him. An affidavit of defendant's wife, who was a passenger in defendant's car, tended to substantiate defendant's version of the accident. Plaintiffs, on the other hand, presented the affidavit of a motorist who passed Meadows only seconds before defendant struck Meadows. In that affidavit, the other motorist stated that he was traveling at about the same speed as defendant, saw Meadows in the highway, crossing the highway, and was able to avoid striking him. Had such evidence been presented at trial, I am persuaded that pursuant to the provisions of N.C. Gen. Stat. § 1A-1, Rule 15(b) of the Rules of Civil Procedure, plaintiffs would have been entitled to have the issue of last clear chance presented to the jury.

For the reason stated, I must respectfully dissent and vote to reverse entry of summary judgment for defendant.