McNEIL v. GARDNER

[104 N.C. App. 692 (1991)]

---

ALBERT A. McNEIL, ADMINISTRATOR OF THE ESTATE OF CLEMENTINE SMITH McNEIL, PLAINTIFF v. DEREK KENNETH GARDNER, DEFENDANT

No. 915SC37

(Filed 17 December 1991)

1. **Automobiles and Other Vehicles § 542 (NCI4th) — pedestrian struck by vehicle — sufficient evidence of driver's negligence**

In an action to recover for the death of plaintiff's intestate who was struck by defendant's vehicle while crossing a highway at night, plaintiff's evidence was sufficient for submission to the jury on the issue of defendant's negligence where it would

McNEIL v. GARDNER

[104 N.C. App. 692 (1991)]

permit the jury to find that defendant operated his vehicle without keeping a proper lookout and at an excessive and unlawful rate of speed under the circumstances; that he failed to decrease the speed of his vehicle as he approached an intersection; and that he failed to see plaintiff's intestate and her daughter as they crossed approximately thirty feet of the traveled portion of the highway directly in front of his vehicle before the accident.

Am Jur 2d, Automobiles and Highway Traffic §§ 479, 490.

2. **Automobiles and Other Vehicles § 614 (NCI4th) — pedestrian struck by vehicle — no contributory negligence as matter of law**

While the evidence was sufficient to permit the jury to find that plaintiff's intestate was contributorily negligent when she was struck by defendant's vehicle while crossing a highway at night in that she did not keep a proper lookout and did not yield the right of way to defendant, the evidence did not disclose contributory negligence by plaintiff's intestate as a matter of law where it tended to show that the intestate and her daughter stopped and looked in both directions before they began to cross the highway but did not see any approaching vehicles, and that the intestate and her daughter crossed thirty feet of the traveled portion of the highway before she was struck by defendant's vehicle.

Am Jur 2d, Automobiles and Highway Traffic §§ 475, 480-482.

Judge EAGLES dissenting.

APPEAL by plaintiff from Reid (David), Judge. Judgment entered 10 October 1990 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 October 1991.

This is a civil action wherein plaintiff seeks damages for the wrongful death of his intestate, Clementine Smith McNeil, allegedly resulting from the negligence of defendant in the operation of a motor vehicle. The evidence at trial tends to show the following: On 15 August 1986 at approximately 10:00 p.m., plaintiff's intestate and her daughter were crossing U.S. Highway 74 from south to north after purchasing a bottle of grapefruit juice at the Scotchman Convenience Store. The store is located on the south side of Highway 74, just west of the intersection of Highway 74 and rural roads 1475 and 1482. Defendant was driving west on Highway 74 ap-

proaching the Scotchman Convenience Store at the time plaintiff's intestate was crossing Highway 74. Defendant's car struck and killed plaintiff's intestate.

Trooper M.C. Brinkley testified that he investigated the accident. The travel portion of Highway 74 at the site of the accident is 35 feet wide—a turn lane and east-bound lane 24 feet in width, and a west-bound lane 11 feet in width. The grapefruit juice bottle was found broken in the roadway two feet, ten inches from the white line marking the northern portion of the west-bound travel lane, and 32 feet west of the center of the intersection of Highway 74 and rural roads 1475 and 1482. Plaintiff's intestate's body was lying on the shoulder of the highway forty-nine feet, seven inches from the broken bottle. Defendant's car stopped 2,364 feet, six inches west of the broken bottle. Trooper Brinkley testified that there were no skid marks on the highway in the general area of the accident. He also stated that there were artificial lights in and around the Scotchman Convenience Store.

Portions of defendant's deposition testimony were entered into evidence at trial. Defendant stated that Highway 74 is generally straight and level, with no hills or curves for at least a mile prior to where the collision occurred. He further stated that although there was nothing to obstruct his view, he did not see plaintiff's intestate until his car hit her. Defendant indicated that plaintiff's intestate would have been more than halfway across the west-bound lane of travel, having crossed two and one-half lanes, before being struck by the right front portion of his car. Defendant could not determine why he had not seen plaintiff's intestate, and was not sure if he had been looking down the road, but did remember being engaged in a conversation with a Mr. Barton and a Mr. Miller at the time.

Tracy Smith, daughter of plaintiff's intestate, testified that at the time of the accident she was wearing a white shirt, white colored sneakers and grass colored shorts, and that her mother was wearing a bright yellow shirt, a pair of jeans, and tennis shoes. Tracy further testified that as they started to cross the highway they "looked both ways and there wasn't anything coming, so we crossed the street." Tracy also stated that she "got right to the shoulder [of the highway] and I felt something push my right shoulder and I fell to the ground." Tracy testified that she fell on the unpaved shoulder of the road, at which point she heard

McNEIL v. GARDNER

[104 N.C. App. 692 (1991)]

the bottle her mother had been holding break, and that "I saw my mom laying on the pavement up the street a little ways . . . and she was all broken up and stuff, so I went to Miss Hayes' house . . . and I called an ambulance."

At the close of plaintiff's evidence, the court allowed plaintiff's motion to amend the pleadings to conform to the evidence and allege the doctrine of last clear chance. After amendment of the pleadings, the judge refused to submit the case of negligence and last clear chance to the jury and allowed defendant's motion for directed verdict on the issue of plaintiff's intestate's contributory negligence as a matter of law. Plaintiff appealed.

*Yow, Culbreth & Fox, by Stephen E. Culbreth, for plaintiff, appellant.*

*Smith and Smith, by Walter M. Smith, for defendant, appellee.*

HEDRICK, Chief Judge.

The trial judge clearly directed a verdict for defendant because he felt that the evidence disclosed plaintiff's intestate's negligence as a matter of law. When plaintiff argued to the trial court that the issue of defendant's negligence and the issue of last clear chance had not been ruled on, the court stated "I am not going to let it go to the jury on that . . . I am going to let the Court of Appeals decide this issue before we do that."

We hold the trial judge erred in not submitting to the jury the issues of negligence and contributory negligence. When the evidence is considered in the light most favorable to the plaintiff it is sufficient to raise the issue of negligence on the part of defendant in the operation of his motor vehicle which struck and killed plaintiff's intestate.

[1] From the evidence, the jury could find that defendant operated his motor vehicle without keeping a proper lookout, at an excessive and unlawful rate of speed under the circumstances, that he failed to decrease the speed of his motor vehicle as he approached an intersection, and that he failed to see plaintiff's intestate and her daughter as they crossed approximately thirty feet of the travel portion of Highway 74 directly in front of his motor vehicle before the accident. From the evidence, the jury could find that one or more of these negligent acts upon the part of defendant was a proximate cause of death of plaintiff's intestate.

McNEIL v. GARDNER

[104 N.C. App. 692 (1991)]

Defendant, citing and relying on *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E.2d 47, *affirmed*, 315 N.C. 383, 337 S.E.2d 851 (1985), states in his brief "the language of the North Carolina Court of Appeals *in a case very similar to the factual situation in the case at bar* where summary judgment was granted in favor of a defendant on the grounds that the plaintiff's intestate was contributorily negligent as a matter of law is instructive." [Emphasis ours]. The facts in *Meadows*, characterized by defendant as "very similar" were as follows: The defendant pulled out of a bowling alley parking lot onto Highway 64 West, passed a car going in the opposite direction, and a second or two later saw the plaintiff in the middle of his traffic lane at a distance of about 50 to 70 feet. The defendant swerved to the left and applied his brakes. The plaintiff, in an intoxicated condition, staggered one or two steps at a 45 degree angle towards the center of the highway. The middle portion of the bumper of the defendant's car struck the plaintiff, and the accident occurred in the left center of defendant's lane of travel.

The facts in the present case are hardly similar. Plaintiff's intestate was not intoxicated, defendant, although he had a straight and level stretch of roadway, did not even see her or her daughter even though they were wearing bright clothing and had crossed approximately 30 feet of the travel portion of the highway before plaintiff's intestate was killed. Certainly plaintiff's intestate did not stagger back to the middle of the lane in which she was struck and obviously, since defendant did not see her, he did not swerve to avoid her as did the defendant in *Meadows*.

[2]  We also hold the trial court erred in directing a verdict for defendant on the grounds that plaintiff's intestate's contributory negligence was a bar to the claim as a matter of law.

> '[T]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than by the trial judge. [Citations omitted]' *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E.2d 506, 510 (1976). *Accord, Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979).

*Helvy v. Sweat*, 58 N.C. App. 197, 199, 292 S.E.2d 733, 734-35, *disc. review denied*, 306 N.C. 741, 295 S.E.2d 477 (1982). Our courts have held that a pedestrian's failure to yield the right of way as dictated by G.S. 20-174(a) is not contributory negligence *per se*, but is only evidence of negligence to be considered with other evidence in the case in determining whether the plaintiff is chargeable with negligence which proximately caused or contributed to his injury. *Dendy v. Watkins*, 288 N.C. 447, 219 S.E.2d 214 (1975). "[T]he court will only nonsuit . . . when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible." *Ragland v. Moore*, 299 N.C. 360, 364, 261 S.E.2d 666, 668 (1980). "A rule which by definition requires contributory negligence to be so clear 'that no other reasonable inference may be drawn therefrom' will by its nature be satisfied only infrequently and only in extreme circumstances." *Wagoner v. Butcher*, 6 N.C. App. 221, 231-32, 170 S.E.2d 151, 158 (1969).

While the evidence in the present case is sufficient to permit the jury to find that plaintiff's intestate was negligent in that she did not keep a proper lookout, did not yield the right of way to defendant, and that one or more of these negligent acts was a proximate cause of the collision and her death, we cannot say that under all the circumstances of this case that the evidence so clearly establishes her negligence that "no other reasonable inference or conclusion may be drawn therefrom." The evidence in the present case tends to show that plaintiff's intestate and her daughter stopped and looked in both directions before they began to cross the highway and that they did not see any approaching vehicles. The evidence also tends to show that plaintiff's intestate, with her daughter, crossed 30 feet of the travel portion of the highway before she was struck by defendant's vehicle.

From this evidence the jury could infer that the negligence of defendant, hereinbefore described, was the proximate cause of the collision, and not the negligence of plaintiff's intestate in failing to see defendant's vehicle. Ordinarily, proximate cause is a question for the jury.

We hold the trial judge erred in directing a verdict for defendant, and the cause will be remanded to the Superior Court for a new trial.

McNEIL v. GARDNER

[104 N.C. App. 692 (1991)]

We need not discuss at this time the question of whether the court erred in not submitting the issue of last clear chance, since that issue can only be decided from the evidence at the new trial.

New trial.

Judge EAGLES dissents.

Judge GREENE concurs.

Judge EAGLES dissenting.

I agree that there is sufficient evidence to submit the issue of the defendant's negligence to the jury. However, I disagree with that portion of the majority's opinion which holds that the plaintiff was not contributorily negligent as a matter of law.

The majority attempts to distinguish the instant case from *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E.2d 47, *affirmed*, 315 N.C. 383, 337 S.E.2d 851 (1985), because of factual dissimilarities. In doing so, the majority overlooks the sound legal principles applied in *Meadows*, which are equally applicable here. In *Meadows*, this court stated:

> It was plaintiff's duty to look for approaching traffic before she attempted to cross the highway. Having started, it was her duty to keep a lookout for it as she crossed.

*Blake v. Mallard*, 262 N.C. at 65, 136 S.E.2d at 216-7. *Accord Garmon v. Thomas*, 241 N.C. 412, 85 S.E.2d 589 (1955) (plaintiff was negligent in failing to keep a "timely lookout").

The courts of this State have, on numerous occasions, applied the foregoing standard of due care when the plaintiff was struck by a vehicle while crossing a road at night outside a crosswalk. If the road is straight, visibility unobstructed, the weather clear, and the headlights of the vehicle in use, a plaintiff's failure to see and avoid defendant's vehicle will consistently be deemed contributory negligence as a matter of law. *See Price v. Miller*, 271 N.C. 690, 157 S.E.2d 347 (1976); *Blake v. Mallard; Hughes v. Gragg*, 62 N.C. App. 116, 302

S.E.2d 304 (1983); *Thorton v. Cartwright*, 30 N.C. App. 674, 228 S.E.2d 50 (1976).

*Meadows*, 75 N.C. App. at 89-90, 330 S.E.2d at 50.

These same guiding legal principles were applied in *Price v. Miller*, 271 N.C. 690, 157 S.E.2d 347 (1967), and are controlling here. In *Price*, the plaintiff's intestate was killed while crossing U.S. Highway 258 in Onslow County. There was no evidence that plaintiff's intestate was intoxicated or unsteady on his feet. *Id.* at 691, 157 S.E.2d at 349. After reviewing the relevant case law, the Supreme Court concluded that the plaintiff's intestate was contributorily negligent as a matter of law. The Court stated:

> In the instant case, the evidence reveals that defendant's lights were burning and that plaintiff's intestate could have seen them at any time while the defendant's automobile was traveling toward him for a distance of at least one-half mile. The road was straight and level. The weather was clear. We have concluded that plaintiff's evidence provided sufficient inferences of negligence to carry this case to the jury against the defendant on the theory that she failed to keep a proper lookout. If defendant were negligent in not seeing plaintiff's intestate, . . ., in whatever length of time he might have been in the vision of her headlights, then plaintiff's intestate must certainly have been negligent in not seeing defendant's vehicle as it approached, with lights burning, along the straight and unobstructed highway.

*Price*, 271 N.C. at 696, 157 S.E.2d at 351.

Here, the evidence, when taken in the light most favorable to the plaintiff, shows the following: that the plaintiff's intestate was crossing a long straight segment of U.S. Highway 74 at night; that there was nothing obstructing the visibility of the defendant or the plaintiff's intestate; that the defendant was burning his headlights; and that while the plaintiff's intestate did look both ways before she started to cross the highway, she did not continue to maintain a lookout as she crossed the highway. As in *Price*:

> We must conclude that plaintiff's intestate saw defendant's automobile approaching and decided to take a chance of getting across the road ahead of it, or in the alternative, that [s]he not only failed to yield the right of way to defendant's auto-

mobile, but by complete inattention [failed to maintain a lookout as she crossed the highway].

In any event, the only conclusion that can be reasonably drawn from plaintiff's evidence is that plaintiff's intestate's negligence was at least a proximate cause of [her] death.

*Price*, 271 N.C. at 696, 157 S.E.2d at 351.

For the reasons stated, I respectfully dissent.