The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Decision and Order and enters the following Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are correctly before the court and the court has jurisdiction of the parties and the subject matter of this action.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. That the plaintiff, Mark Wright was injured on 10 December 1994 at approximately 11:30 p.m.
4. That Trooper Douglas Mac Gossett, a Trooper with the North Carolina Highway patrol, was the driver of the vehicle which struck Mr. Wright.
5. That the accident occurred on Highway 74-A in Buncombe County, North Carolina, on the date and time set forth above.
In addition, the parties stipulated into evidence a packet of medical records and reports.
A Pretrial Agreement dated 19 April 1996, was submitted by the parties and is incorporated by reference.
 ***********
Based upon all of the competent, credible evidence of record, the Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 10 December 1994, plaintiff was thirty one years old and was employed at Asheville Buncombe Technical College as an instructor in electronics engineering technology. That evening he had a going away party for a friend at his house. He consumed four to five beers and ate a large sandwich and snacks during the course of the evening. Plaintiff was not given a breathalyzer following the accident in question, and there is no evidence that he was under the influence of alcohol at the time of the accident.
2. At approximately 11:00 p.m., plaintiff and three others were left at plaintiff's house, and they decided to go to Fox's, a nightclub which was about one and one-half miles away. It was plaintiff's practice to not drive after drinking alcohol, so he called for a taxi. After waiting for about thirty minutes for the taxi to come and calling a second time, they decided to walk to the nightclub.
3. A light rain was falling that night. Plaintiff was wearing dark clothes, including a maroon jacket, but was wearing light colored deck shoes. He and his friends walked to Highway 74-A, which was also known as Fairview Road, and then walked on the sidewalk beside the highway until they crossed the overpass. After crossing the bridge, they walked on the left side of the road facing traffic. At first there were lights in the vicinity from a shopping center and other stores, but as they continued walking they came to a dark stretch where the road curved to their left. At this point, only Darien Ball was walking with plaintiff. The other two friends had stopped at an ATM machine at the shopping center. Mr. Ball was walking several feet in front of plaintiff at the edge of the shoulder of the road and was wearing lighter colored clothes than plaintiff.
4. The road at this point was a four lane highway which ended in a T intersection within a mile or so up the road. The paved area of the road was bordered by a white "fog line", with an additional strip of pavement approximately three to four feet wide between the fog line and the grass. As the two men were walking in a northerly direction beside Fairview Road, Trooper Douglas Mac Gossett was driving in a southerly direction, having just turned onto the road from the T intersection ahead of the pedestrians. Trooper Gossett was driving a marked Highway Patrol vehicle and was on routine patrol in the course of his employment with defendant. His headlights were on and operating, and he was using his windshield wipers because of the rain. He was driving between thirty five and forty miles per hour in the right lane. The posted speed limit was forty-five miles an hour.
5. Trooper Gossett testified by deposition and at the hearing before the Deputy Commissioner that as he started driving around the curve he saw both pedestrians almost simultaneously in his headlights. At that time, Trooper Gossett was approximately a second away from plaintiff and Mr. Ball. Trooper Gossett was able to assess that plaintiff was walking with one foot either on or just inside the white fog line.
6. Mr. Ball testified that as the car passed him, it seemed to be very close and he felt the wind from it as it went by. Immediately thereafter, he heard a thud, turned, and saw plaintiff lying on the ground. He further stated that while traffic along the road was relatively busy and some cars had passed them, they had not encountered any problems with other vehicles coming close to them.
7. As Trooper Gossett passed plaintiff and Mr. Ball, the passenger side window of his car shattered. Apparently, plaintiff's arm had caught the side view mirror and knocked it back. As a result, plaintiff was knocked to the ground and he sustained serious injuries to his right arm. Trooper Gossett did not realize at that time what had happened and thought someone might have thrown a rock at his car. He turned around and went back to the scene where he found that plaintiff had been hit and was injured. Consequently, he summoned an ambulance and an investigating officer.
8. Plaintiff was taken to the emergency room where he was examined by Dr. Phillips, an orthopedic surgeon. Dr. Phillips diagnosed his condition as a Galeazzi fracture of the right forearm and took him to surgery to reduce the fracture. During the operation, there were signs that he was developing compartment syndrome so Dr. Phillips also performed a fasciotomy and a carpal tunnel release. Following the surgery, plaintiff did well. He remained in a cast for approximately two months and then underwent physical therapy. Dr. Phillips followed his recovery until 18 September 1995 when he was released from medical care.
9. Plaintiff indicated that prior to and at the time of the accident in question he had been walking with one foot on the paved portion of the shoulder and the other on the grass. This is supported by excess mud on plaintiff's left shoe. There was insufficient evidence presented to demonstrate whether Trooper Gossett left his lane of travel or whether plaintiff was in the highway or on the white fog line at the time of the accident.
10. Expert witness and accident reconstructionist Russell Lindsey, testifying on behalf of plaintiff, stated that based on Trooper Gossett's testimony and a reconstruction of the accident at the scene, Trooper Gossett saw Mr. Ball when he was approximately 125 feet away, and plaintiff at approximately seventy-five feet. Line Sergeant Terry Frank, accident reconstructionist on behalf of defendant, did not dispute Mr. Lindsey's figures. Mr. Lindsey further stated that at the speed Trooper Gossett was traveling, he would have had about one second to adjust his position after seeing plaintiff. Trooper Gossett could have easily missed plaintiff by moving the steering wheel approximately one inch, which would have required half a second.
11. The actions of Trooper Gossett in striking plaintiff with his patrol car on 10 December 1994 constitute negligence which was the proximate cause of the injuries sustained by plaintiff. There was no contributory negligence on the part of plaintiff.
12. As a result of the injuries he received on 10 December 1994, plaintiff incurred medical bills totaling $14,604.14. In addition, plaintiff missed 15.5 days of work at a daily pay rate of $141.80, and an additional $1,072.50 in contract work, for a total of $3,270.40 in lost wages.
13. As a result of his injuries, plaintiff has suffered a fifteen percent permanent partial disability to his right arm. Further, he has suffered and continues to suffer pain and a substantial loss of use of his right arm.
 ***********
Based on the above findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The right of way for pedestrians walking along a highway is governed by N.C. Gen. Stat. § 20-174(d) which states in pertinent part: "[w]here sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the extreme left of the roadway or its shoulder facing traffic which may approach from the opposite direction. Such pedestrian shall yield the right-of-way to approaching traffic." Subsection (e) of the statute provides that "[n]otwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . . .".
2. Evidence of a violation of N.C. Gen. Stat. § 20-174(e) does not constitute negligence per se, but rather is some proof of negligence. Troy v. Todd, 68 N.C. App. 63, 313 S.E.2d 896 (1984). Trooper Gossett's testimony demonstrates that he saw plaintiff and his companion in sufficient time to avoid striking plaintiff. Accordingly, Trooper Gossett was in violation of subsection of (e) of the statute and his actions constitute negligence. Therefore, defendant is liable for plaintiff's damages. N.C. Gen. Stat. § 143-291.
3. Defendant has failed to demonstrate that plaintiff was contributorily negligent by walking within the roadway. N.C. Gen. Stat. §§ 143-291, 143-299.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following
 ORDER
1. Defendant shall pay plaintiff damages in the amount of $14,604.14 in medical expenses; $3,270.40 in lost wages; and $50,000.00 for a fifteen percent permanent partial disability to plaintiff's right arm and for pain and suffering.
2. Defendant shall pay the costs of this action.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER