AURELIA JANE RAGLAND v. MICHAEL GEORGE MOORE AND CLEVE
GEORGE MOORE

No. 122

(Filed 1 February 1980)

1. **Automobiles §§ 62.2, 83.4— pedestrian crossing at place other than crosswalk —motorist speeding—summary judgment improper**

    In an action to recover for injuries sustained by plaintiff pedestrian when she was struck by defendants' vehicle, the trial court erred in entering summary judgment for defendants where there was evidence that defendant driver was speeding and such evidence presented a jury question as to whether defendant's negligence was a proximate cause of the accident; furthermore, where there was no evidence concerning the distance of defendant's car from plaintiff on any of the three occasions she observed it before and during the time she crossed the road, there was no showing that plaintiff was contributorily negligent as a matter of law in either starting to walk across the highway or later increasing her pace.

2. **Automobiles § 83.4— pedestrian crossing at place other than crosswalk—contributory negligence as matter of law**

Summary judgment may be properly entered against a plaintiff pedestrian only when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible; statements in this case by the Court of Appeals suggesting that a pedestrian is contributorily negligent as a matter of law in crossing at a place other than a crosswalk *only* when the accident is unavoidable regardless of the vehicle driver's negligence are incorrect.

APPEAL by defendant from the decision of the North Carolina Court of Appeals, reported in 41 N.C. App. 588, 255 S.E. 2d 222 (1979), which reversed the judgment of *Lee, J.,* entered 6 March 1978 in PERSON Superior Court granting defendants' motion for summary judgment.

Plaintiff instituted this action to recover damages for personal injuries, medical expenses and lost wages resulting from the alleged negligent operation of an automobile by defendant Michael George Moore. The automobile was owned by defendant Cleve George Moore as a family purpose vehicle and at the time of the accident was being operated with his knowledge and consent by his son, Michael George Moore.

Defendant filed an answer pleading plaintiff's contributory negligence as a bar to recovery and also moved for summary judgment. Plaintiff replied, alleging that defendant had the last clear chance to avoid the collision. In support of his motion for summary judgment, defendant relied upon the affidavit of Michael George Moore and on plaintiff's deposition.

The accident occurred at about 12:15 a.m. on 5 June 1976 in front of plaintiff's home on Highway 49 near Roxboro. Highway 49 is a two-lane road at the point where the accident occurred. Plaintiff and defendant were the only witnesses to the accident.

Plaintiff stated in her deposition that on the night of the accident she rode home from work with Daisy Ann Jeffers. Ms. Jeffers pulled her car onto the shoulder of the road across from plaintiff's driveway. Plaintiff first saw defendant's automobile on the hill as she was getting out of the car. She stepped onto the shoulder and went around the back of Ms. Jeffers' car, which then started to pull away. She did not watch Ms. Jeffers' car as it left, nor did that car interfere with plaintiff's ability to see defendant's

automobile. Plaintiff looked again before attempting to cross the road, and defendant's car was "midway the hill." After walking over halfway across the road, she saw defendant's car at the bottom of the hill. Plaintiff then realized that the car was going faster than she had thought and started to run across the road. Plaintiff had one foot on the gravel driveway and the other on the pavement when she was struck by defendant's car.

Plaintiff's deposition further stated that in her opinion defendant was speeding. Otherwise, she could have walked across the road from where she first saw defendant's car without being struck by defendant's automobile. The motor of defendant's car was not straining or revving, but she heard defendant's tires squeal when he applied the brakes. Plaintiff was wearing blue jeans and a sleeveless white sweater at the time.

Defendant Michael George Moore stated by affidavit that he was driving within the speed limit at a speed of between forty and forty-five miles per hour. As he approached an area where there were some houses, he saw a car parked on the shoulder, facing toward him with its headlights on bright. There was also another car coming toward him behind the car on the shoulder. As defendant reached the parked car, he saw something dart across the road in his lane. He applied his brakes, swerved to the left across the center line to avoid the object and heard something hit his car. He then swerved back into his lane to avoid colliding with the approaching car, pulled onto the shoulder and stopped the car. The car that had been parked on the shoulder of the road had already left the scene. By swerving to the left, defendant avoided hitting plaintiff head-on with his car. Plaintiff was struck by the right front corner of his car. Defendant was not charged with any violation of the laws of this State as a result of the accident.

The trial court allowed defendants' motion for summary judgment, and plaintiff appealed. In an opinion by Judge Webb, the Court of Appeals reversed and remanded the case to the trial court, holding that summary judgment was improvidently granted. Defendants petitioned this Court for discretionary review pursuant to G.S. 7A-31, and their petition was allowed on 25 September 1979.

*Newsom, Graham, Hedrick, Murray, Bryson & Kennon by O. William Faison and William P. Daniell for defendant appellants.*

*Fellers & Link by Carlton E. Fellers, and Ricks & Ricks by Walter E. Ricks III, for plaintiff appellee.*

BRANCH, Chief Justice.

The sole question presented by this appeal is whether the Court of Appeals erred in reversing the trial court's determination that defendants were entitled to summary judgment on the basis of plaintiff's contributory negligence. Defendants contend that plaintiff failed to maintain a constant lookout for oncoming traffic and that this failure constituted contributory negligence as a matter of law.

In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). The movant always has the burden of showing that there is no triable issue of fact and that he is entitled to judgment as a matter of law. *Pitts v. Pizza, Inc.*, 296 N.C. 81, 249 S.E. 2d 375 (1978). In considering the motion, the trial judge holds the movant to a strict standard, and "all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E. 2d 379, 381 (1975). Moreover, it is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

In the instant case, plaintiff when struck by defendant's car was crossing the highway at a point where there was neither a crosswalk nor an intersection. In passing upon defendants' motion for summary judgment, the evidence must be tested by the rule of the reasonably prudent man, in the light of the duties imposed upon both plaintiff and defendant by the following provisions of G.S. 20-174:

(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked

crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. . . .

(e) Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary. . . .

This Court has dealt with a defense of contributory negligence based upon a plaintiff's violation of G.S. 20-174(a) in many cases. In *Blake v. Mallard*, 262 N.C. 62, 136 S.E. 2d 214 (1964), Justice Sharp (later Chief Justice), writing for the Court, stated the applicable law:

The failure of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to a motor vehicle is not contributory negligence *per se*; it is only evidence of negligence. [Citation omitted.] However, the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible. [Citations omitted.]

*Id.* at 65, 136 S.E. 2d at 216. Although that case involved a motion for nonsuit rather than one for summary judgment as in the instant case, this Court has repeatedly held that "[t]he motion for summary judgment and the motion for a directed verdict, formerly nonsuit, are functionally very similar." *Williams v. Power & Light Co.*, 296 N.C. 400, 404, 250 S.E. 2d 255, 258 (1979); *Dendy v. Watkins*, 288 N.C. 447, 219 S.E. 2d 214 (1975).

In *Blake v. Mallard, supra,* relied upon by defendant, a woman pedestrian was struck by the defendant's automobile while crossing a straight, six-lane highway at night. One of the plaintiff's witnesses testified that when the plaintiff started "walking normally" across the road, the defendant was about two hundred yards to the plaintiff's right and was approaching at a speed of sixty miles per hour. The plaintiff continued into the car's path and first observed it when she entered its lane of travel, at which time it was only forty-five feet away. At this point, the defendant could not have avoided hitting the plaintiff even if he had not been speeding. In affirming the judgment as of

nonsuit against the plaintiff, this Court cited its language in *Garmon v. Thomas*, 241 N.C. 412, 85 S.E. 2d 589 (1955):

> Conceding, however, that the defendant should have seen the plaintiff and given him warning of his approach, the plaintiff was at all times under the duty to see the defendant and to yield the right of way to him. In our opinion, both parties were negligent. The defendant was negligent in failing to exercise due care to avoid colliding with the plaintiff on the highway . . . and the plaintiff was negligent in failing to exercise reasonable care for his own safety in that he failed to keep a timely lookout to see what he should have seen and could have seen if he had looked.

262 N.C. at 66, 136 S.E. 2d at 217.

Similarly, this Court held that judgment as of nonsuit should have been granted in *Anderson v. Carter*, 272 N.C. 426, 158 S.E. 2d 607 (1968). In that case the plaintiff attempted to cross a street at a point not within a crosswalk at night. Before starting to cross the street, the plaintiff saw the lights of the defendant's car at the crest of the hill 275 to 300 feet away, headed south, but underestimated its speed. The Court held that under these circumstances, it was not contributory negligence as a matter of law for him to start walking across the northbound lane. The plaintiff continued to watch the approaching car and determined that the car was traveling at least fifteen miles per hour over the speed limit. Nonetheless, he continued to walk at the same pace until he was struck within three feet of the opposite side of the street. This Court held that the evidence clearly showed that the plaintiff, a young man with no mental or physical disability, "could have avoided the collision, either by coming to a stop and yielding the right of way before entering the southbound lane of Statesville Avenue, or by accelerating his pace across it." *Id.* at 432, 158 S.E. 2d at 611. Since the plaintiff in *Anderson* did neither of these, his failure to do so was negligence and a proximate cause of his injuries.

On the other hand, a number of decisions by this Court have held that nonsuit was improperly entered on the basis of the plaintiff-pedestrian's failure to yield the right of way to passing vehicles. In *Landini v. Steelman*, 243 N.C. 146, 90 S.E. 2d 377 (1955), the plaintiff and her friend alighted from a bus on a dark

night, walked around in front of the parked bus, looked in either direction and, seeing no oncoming cars, started walking across the street. When about two-thirds of the way across, the two ladies observed the approaching lights of the defendant's car. Both attempted to get out of its way by increasing their pace but were struck almost immediately by the defendant's car. Because of a hill, the defendant would have been visible to them from about 250 or 300 yards away. There was also evidence that the defendant was speeding. This Court held that the evidence was susceptible to diverse inferences on the issues of the defendant's negligence and the plaintiff's contributory negligence, and thus the case should have been submitted to the jury. *See also Bank v. Phillips*, 236 N.C. 470, 73 S.E. 2d 323 (1952).

A similar result was reached in *Goodson v. Williams*, 237 N.C. 291, 74 S.E. 2d 762 (1953), which involved a defendant who dimmed his lights in meeting an oncoming car on the highway at night. The moment he started to brighten his lights, plaintiff's intestate "darted in front of him, he applied the brakes and swerved the car to the center lane but was too near to avoid striking the [deceased]." Other testimony, however, indicated that the defendant swerved to the right and consequently hit the deceased, who was almost off the pavement. In holding that the defendant's motion for judgment as of nonsuit should have been overruled, this Court stated that one is not "presumed to be guilty of contributory negligence as a matter of law because he failed to yield the right of way to a vehicle on a highway when crossing such highway at an unmarked crossing other than at an intersection, as provided by G.S. 20-174(a)."

Finally, in *Williams v. Henderson*, 230 N.C. 707, 55 S.E. 2d 462 (1949), the deceased, who lived on the north side of the road, crossed the highway to go to her mailbox. As she crossed the highway, two heavily loaded oil trucks were approaching from the west, traveling at about forty-five or fifty miles per hour. The first truck passed the deceased. As the second truck approached, deceased was standing at her mailbox on the shoulder of the road, apparently oblivious of the approach of the second truck. When this truck, operated by defendant, was within fifteen or twenty feet of the deceased, she turned suddenly and "started back across the highway in a fast walk." Defendant swerved his truck to the left in an attempt to avoid striking her, but the rear-view

mirror on the right side struck her head, and her body struck the corner of the truck to the rear of the cab. In reversing the trial court's entering judgment as of nonsuit, Justice Barnhill (later Chief Justice), writing for the Court, stated:

> Of course it was the duty of the deceased to look before she started back across the highway. Even so, under the circumstances here disclosed, her failure so to do may not be said to constitute contributory negligence as a matter of law. It is for the jury to say whether her neglect in this respect was one of the proximate causes of her injury and death. [Citation omitted.]

*Id.* at 709, 55 S.E. 2d at 464.

[1] Applying these decisions and the applicable rules of law to the case *sub judice*, we first conclude that there is evidence in the record of defendant's negligence from which a jury could conclude that it was a proximate cause of the accident. Plaintiff stated in her deposition that in her opinion defendant was speeding. This evidence must be taken as true at this juncture and suffices to make the question as to whether defendant's negligence was a proximate cause of the accident one for the jury. *Stephens v. Oil Co.,* 259 N.C. 456, 131 S.E. 2d 39 (1963).

The motion for summary judgment also presents the question of whether plaintiff on this evidence was contributorily negligent as a matter of law. Here, no evidence was presented concerning the distance of defendant's car from plaintiff, when seen at either the top or bottom of the hill. Thus, we cannot say that plaintiff was contributorily negligent as a matter of law in either starting to walk across the highway or later increasing her pace. Clearly plaintiff in the exercise of reasonable care had a duty under *Garmon v. Thomas, supra,* and other cases to keep a "timely lookout" for her own safety. In the instant case, plaintiff looked as she got out of the car, again when she started to cross, and for a third time when she was over halfway across the road. These facts can be distinguished from those in *Blake v. Mallard, supra,* and similar cases where the plaintiff clearly failed to keep a proper lookout. Moreover, once plaintiff had realized that defendant was approaching at a high speed, she attempted to and almost succeeded in getting out of his path, unlike the plaintiff in *Anderson v. Carter, supra.*

On this evidence we are unable to say that plaintiff was contributorily negligent as a matter of law, and therefore summary judgment was improvidently granted by the trial court.

[2] Although we are of the opinion that the result reached by the Court of Appeals is correct, we note that there are some statements in the opinion which require clarification.

The Court of Appeals correctly stated:

It is the duty of a pedestrian crossing a roadway at a point other than a crosswalk to yield the right of way to a motor vehicle. A failure to do so is contributory negligence. *If the only inference that can be drawn from the evidence is that this contributory negligence is a proximate cause* of the accident, a pedestrian cannot recover. [Emphasis added.]

This statement is in substantial accord with the correct statement of the law hereinabove quoted from *Blake v. Mallard, supra.* However, we believe that the Court of Appeals incorrectly stated that:

As to whether the plaintiff's failure to yield the right of way must be held contributory negligence as a matter of law, we believe the cases hold that if a pedestrian steps into a roadway in such a manner that the *only* reasonable inference the jury can make is that *the accident is unavoidable regardless of the vehicle driver's negligence the pedestrian cannot recover.* [Emphasis added.]

In applying the law to the facts, the Court of Appeals again stated, "According to the evidence as forecast, the plaintiff did not enter the roadway at a point at which an accident *was unavoidable regardless of the negligence* of Michael George Moore." [Emphasis added.)

Both of these observations by the Court of Appeals suggest that the inference of contributory negligence arising from the evidence must lead *only* to the conclusion that the accident was unavoidable and that the negligence of a pedestrian who crosses a roadway at a point other than a crosswalk must be the *sole* proximate cause of his injury. This is an incorrect statement of the law in North Carolina. Whether plaintiff's actions were such as to make the accident unavoidable is not the test for granting or de-

nying summary judgment. The correct rule of law is that summary judgment may be properly entered against a plaintiff pedestrian only when "all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible." *Blake v. Mallard, supra. See also Price v. Miller*, 271 N.C. 690, 157 S.E. 2d 347 (1967); *Holland v. Malpass*, 255 N.C. 395, 121 S.E. 2d 576 (1961).

The decision of the Court of Appeals, as modified, is affirmed.

Modified and affirmed.