ADVENTURE TRAVEL WORLD v. GENERAL MOTORS CORP.

[107 N.C. App. 573 (1992)]

ADVENTURE TRAVEL WORLD, LTD., AND MICHAEL G. MORGAN, APPELLANTS
v. GENERAL MOTORS CORPORATION AND ARNGAR, INC., D/B/A ARNOLD
PALMER CADILLAC, APPELLEES

No. 9126SC761

(Filed 6 October 1992)

**Automobiles and Other Vehicles § 253 (NCI4th)— lemon law case—
automobile brake failure—summary judgment improper**

> In an action brought pursuant to the "lemon law," the
> trial court erred in granting defendants' motion for summary
> judgment where there was a genuine issue of material fact
> as to whether the braking system on plaintiffs' car functioned
> properly, since plaintiffs' evidence tended to show that the
> brakes failed for no apparent reason on four occasions, two
> of which resulted in collisions; a body shop employee who
> drove the vehicle following plaintiffs' second accident stated
> that he experienced sudden brake failure similar to that
> previously experienced by the owner; testimony by an auto
> mechanic who inspected and test drove the car indicated that
> the brake pads were worn unevenly and that a hydraulic prob-
> lem with the braking system could cause the type of brake
> failure the owner had experienced; and the evidence presented
> by defendants merely showed that two mechanical engineers
> who briefly inspected and test drove the car on one occasion
> were unable to discover any mechanical problem with the car
> which would account for the failure of the brakes.

**Am Jur 2d, Consumer Product Warranty Acts §§ 67, 68.**

**Validity, construction, and effect of state motor vehicle
warranty legislation (lemon laws). 51 ALR4th 872.**

APPEAL by plaintiffs from *Jones (Julia V.), Judge.* Judgment
entered 20 March 1991 in Superior Court, MECKLENBURG County.
Heard in the Court of Appeals 26 August 1992.

This is a civil action instituted by plaintiff, Michael G. Morgan
(hereinafter "Morgan"), to recover money damages resulting from
his purchase of a new 1988 Cadillac Eldorado which Morgan alleged
was equipped with a defective braking system.

Morgan is the sole shareholder and officer of Adventure Travel
World, Ltd. (hereinafter "plaintiff corporation"). On or about 29

ADVENTURE TRAVEL WORLD v. GENERAL MOTORS CORP.

[107 N.C. App. 573 (1992)]

December 1988, Morgan purchased a new 1988 Cadillac Eldorado from defendant Arngar, Inc. d/b/a Arnold Palmer Cadillac (hereinafter "defendant seller"), for the sum of $28,313.38. The car was manufactured by defendant General Motors Corporation (hereinafter "defendant manufacturer"). Further, at the time of this sale, Morgan also paid $345.00 to purchase defendant manufacturer's extended coverage protection plan which covered the Cadillac for 48 months or 50,000 miles. Morgan bought the Cadillac for use in his business and plaintiff corporation is the titled owner of the car.

The evidence indicates that on several occasions when Morgan was driving the car, the brake system failed to respond normally when activated.

In January 1989, Morgan discovered that once he applied the brakes the car was not slowing down as gradually as it should and was not stopping within a reasonable and safe distance. At this time, Morgan notified defendant seller's service department about the problem. A service representative informed Morgan that the car was equipped with computer anti-lock brakes. He also told Morgan that what he was experiencing was "just the way [the car] feels."

In March 1989, an automobile suddenly stopped in front of Morgan while he was driving the Cadillac. When Morgan applied the brakes "with all his might," the car failed to come to a stop and collided with the stopped vehicle. Morgan informed defendant seller of the accident and the failure of the brakes to function properly on that occasion. Defendant seller's salesman told Morgan that the brakes were normal and could not have been the cause of the accident. On one other occasion in April 1989 the brakes again failed to function properly.

On 15 May 1989, the Cadillac's brakes again failed to stop the car even though Morgan applied as much pressure as possible to them. Consequently, the Cadillac crashed into the rear of a van causing personal injuries to Morgan and property damage to both vehicles. Following this accident Morgan again notified defendant seller of the problems he had experienced with the braking system. However, defendant seller refused to allow Morgan to leave the automobile for inspection or service.

On 16 July 1989, Morgan sent defendant manufacturer written notice of the Cadillac's brake failure. Morgan stated that he was

ADVENTURE TRAVEL WORLD v. GENERAL MOTORS CORP.

[107 N.C. App. 573 (1992)]

allowing defendant manufacturer 15 days in which to cure the "non-conformities or defects" in the automobile. Morgan also informed defendant manufacturer that if the defects were not cured within 15 days, it would have 10 days to refund his money pursuant to G.S. 20-351 *et seq.* On 15 August 1989, defendant manufacturer responded to Morgan's letter advising him that the car did not contain any non-conformities or defects and that it would not repair the vehicle or take any steps pursuant to the statute.

On 5 September 1989, plaintiffs filed a complaint against both defendants alleging, *inter alia*, that the 1988 Cadillac Eldorado he had purchased was a "lemon" pursuant to the "New Motor Vehicle Warranty Act" codified at G.S. 20-351 *et seq.* Plaintiffs alleged that the car was a "lemon" because "the automobile has been sitting unused and awaiting repair since May 15, 1989, due to the unwillingness on the part of [defendant seller] to repair the automobile, and [p]laintiff Michael G. Morgan's fear of serious injury to himself and others if another accident occurred due to the failure of the brakes." Plaintiffs also alleged that defendants breached both implied and express warranties and violated the "Magnuson-Moss Warranty Act," 15 U.S.C. 2301 *et seq.*

Defendant moved for summary judgment on plaintiffs' claims. In support of their motion, defendants submitted a report from consulting engineer Dr. Norman A. Cope who had been requested by plaintiff corporation's insurance company to inspect the braking system on the Cadillac following the 15 May 1989 collision. On 16 June 1989, Dr. Cope, in Morgan's presence, made a visual inspection of the car's brake system and test drove the vehicle. Based on his inspection, Dr. Cope found no evidence of brake fluid leakage and concluded that the brake system was in good condition.

Defendants also submitted an affidavit from mechanical engineer Duane H. Harwick who is employed by defendant manufacturer to design brake systems for GM automobiles. Mr. Harwick explained that the brake system on the 1988 Cadillac Eldorado is activated by a split hydraulic system and that in order to have a complete brake failure, there would have to be a simultaneous failure of both parts of the hydraulic system. He stated that the probability of a simultaneous failure was extremely remote and that such a failure would have to be repaired in order to function properly again as it could not correct itself. On 13 February 1991, Mr. Harwick inspected the braking system, test drove the Cadillac

and concluded that the braking system was in proper working order.

In opposition to defendants' motion for summary judgment, Morgan submitted an affidavit and supplemental affidavit in which he recounted the numerous instances in which he had experienced partial or complete brake failure while driving the Cadillac, including the two instances in which the failure of the brakes caused the car to collide with stopped vehicles. Morgan stated that he had operated the car in a safe and prudent manner on each occasion when the brakes failed to function normally. Morgan also stated that Dr. Cope's inspection of the car's brake system consisted of a look under the hood and a fifteen minute test drive. Morgan further stated that during Dr. Cope's inspection, Dr. Cope told him that he believed him when he said he had experienced problems with the brakes. Moreover, Morgan stated Dr. Cope told him that he had heard of several instances where the brakes had failed and there had been problems in determining the source. Dr. Cope also allegedly told plaintiff Morgan that the problem could be air getting into the brake system and causing instrument failure. Morgan further stated that neither Dr. Cope's nor Mr. Harwick's test drives of the car allowed it to get "warm" and did not include any emergency stopping likely to cause brake failure or fade.

Plaintiffs also submitted the affidavits of Doris Henderson, Tracy Langdon and Darryl Jackson in opposition to defendants' motion. Ms. Henderson, Morgan's mother, stated that she was riding in the Cadillac on 9 March 1989 when a car stopped abruptly in front of them, and although Morgan pumped the brakes, the Cadillac would not stop and collided with the stopped car. She further stated that at the time of the collision, Morgan was not exceeding a safe speed and was paying attention to what was happening around him. Ms. Henderson was also with Morgan on one occasion when he took the car to defendant seller to be repaired and observed an employee of the service department tell Morgan to "get out of here and not come back."

Tracy Langdon, an employee of Collision Body Shop who had repaired the Cadillac following the second accident, stated that during the repair process, he drove the car a few blocks from the body shop to another repair shop to have the front end aligned. During the course of this short drive, Langdon stated that an automobile in front of him stopped suddenly. When he tried to

apply the car's brakes forcefully, they did not respond and the pedal went all the way to the floor. Langdon said that after travelling approximately four car lengths, the brakes "caught" and stopped the Cadillac, preventing a near collision.

Darryl Jackson, the owner and operator of Beatties Ford Automotive Center, inspected the brakes and test drove the Cadillac on 19 March 1991. He found that the brake pads were worn abnormally for an automobile with such limited mileage. He also found that the rear brake pads were worn down further than the front pads and that the rotors appeared to be out of round. Jackson stated that he believed there was a hydraulic problem with the braking system due to very loose pressure on the brakes which could cause complete brake failure or brake "fade" in emergency situations where the brakes were hit hard. Based on his inspection, Jackson stated that he believed the Cadillac "ha[d] experienced brake failure in the past and could experience it in the future due to a defect in the braking system."

After reviewing the evidence submitted in support of and in opposition to defendants' motion, Judge Jones concluded that there was no genuine issue of material fact and entered summary judgment in favor of defendants. Plaintiffs appealed.

*Weaver, Bennett & Bland, P.A., by Bill G. Whittaker, for plaintiffs, appellants.*

*Smith Helms Mulliss & Moore, by Catherine E. Thompson and Mary K. Mandeville, for defendants, appellees.*

HEDRICK, Chief Judge.

As their sole assignment of error, plaintiffs contend the trial court erred in granting defendants' motion for summary judgment. Plaintiffs argue summary judgment was improperly entered because a genuine issue of material fact exists regarding whether there is a defect in the braking system of plaintiffs' Cadillac. We agree.

This Court has often held that "[s]ummary judgment is a drastic measure which should be used with caution since no person should be deprived of a trial on a genuine issue of material fact." *Lormic Development Corp. v. North American Roofing Co.*, 95 N.C. App. 705, 708, 383 S.E.2d 694, 696 (1989), *disc. review denied*, 326 N.C. 48, 389 S.E.2d 90 (1990). "The slightest doubt as to the facts entitles the non-moving party to a trial." *Ballenger v. Crowell*, 38 N.C.

ADVENTURE TRAVEL WORLD v. GENERAL MOTORS CORP.

[107 N.C. App. 573 (1992)]

App. 50, 247 S.E.2d 287 (1978). (Citation omitted). Consequently, in ruling on a motion for summary judgment "[a]ll the evidence must be viewed in the light most favorable to the non-moving party; and questions of witness credibility are to be resolved by the jury." *Wiggins v. City of Monroe*, 73 N.C. App. 44, 47, 326 S.E.2d 39, 42 (1985), *quoting Ragland v. Moore*, 299 N.C. 360, 261 S.E.2d 666 (1980).

In the present case, we find that plaintiffs' pleadings, discovery responses, depositions and affidavits submitted in opposition to defendants' motion for summary judgment raise a genuine issue of material fact regarding whether the braking system on plaintiffs' 1988 Cadillac Eldorado functioned properly. Taken in the light most favorable to plaintiffs, the evidence presented shows that the brakes on the Cadillac failed for no apparent reason on at least four occasions. On two of these occasions, the failure of the brakes to function properly resulted in the Cadillac colliding with other vehicles. Furthermore, a body shop employee, who drove the Cadillac following the second accident, stated that he experienced sudden brake failure similar to that previously experienced by Morgan. Additionally, testimony given by Darryl Jackson, an automobile mechanic who inspected and test drove the Cadillac in March 1991, indicates that the brake pads were worn unevenly and that a hydraulic problem with the braking system could cause the type of brake failure Morgan had experienced.

The evidence presented by defendants in support of their motion for summary judgment merely shows that two mechanical engineers who briefly inspected and test drove the Cadillac on one occasion were unable to discover any mechanical problem with the car which would account for the failure of the brakes.

The evidence presented, when viewed in the light most favorable to plaintiffs, clearly demonstrates the existence of a genuine issue of material fact regarding whether there is a defect in the braking system of plaintiffs' car. Thus, the trial court improperly granted defendants' motion for summary judgment.

Reversed.

Judges LEWIS and WYNN concur.