RENNIE L. WILKINS, PLAINTIFF v. PERRY SAFRAN AND THE LAW OFFICES OF
PERRY R. SAFRAN, P.A., DEFENDANTS

No. COA06-1528

(Filed 4 September 2007)

**1. Appeal and Error— appealability—summary judgment order**

Although the Court of Appeals was not bound by the trial court's certification that there was no just reason for delay, interlocutory appeals from a summary judgment order in a legal malpractice case were heard to avoid piece-meal litigation and the risk of inconsistent verdicts.

**2. Attorneys— withdrawal of representation—not malpractice**

Summary judgment was properly granted for defendants on a claim of legal malpractice where the individual defendant suffered a heart attack, lawyers in defendant firm assisting in plaintiff's litigation resigned, defendants moved to withdraw as counsel more than seven weeks prior to the scheduled trial date, and plaintiff settled after attempting to continue or set aside the withdrawal.

**3. Attorneys— withdrawal of representation—not a breach of fiduciary duty**

The trial court properly granted defendants' motion for summary judgment on plaintiff's claim for breach of fiduciary duty arising from defendants' withdrawal from representation. Defendants asserted a proper basis for withdrawal and did not breach their fiduciary duty.

**4. Attorneys— withdrawal of representation—not constructive fraud**

The trial court properly granted summary judgment for defendants on plaintiff's claim for constructive fraud arising from defendant lawyers withdrawing from representation of plaintiff.

Plaintiff presented no evidence tending to show defendants sought or gained any personal benefit by withdrawing from representation of plaintiff.

**5. Attorneys— withdrawal of representation—no punitive damages**

The trial court properly granted summary judgment for defendants on plaintiff's claim for punitive damages arising from defendant lawyers withdrawing their representation of plaintiffs. Plaintiff's evidence does not raise an inference of any of the three aggravating factors necessary to support a claim for punitive damages: defendants moved to withdraw due to ill health and the resignation of the primary associate attorney working on the case, they asserted a proper basis and utilized proper procedures to withdraw, and they are not liable for compensatory damages.

**6. Attorneys— withdrawal of representation—no statutory damages**

The trial court erred by denying defendants' motion for summary judgment on plaintiff's claim for statutory damages arising from defendant lawyers withdrawing their representation from plaintiff. N.C.G.S. § 84-13 provides double damages if an attorney commits a fraudulent practice, but no claim arises without a showing of actual or constructive fraud, or a fraudulent practice. The trial court here granted summary judgment on the underlying claims.

Appeal by plaintiff and cross-appeal by defendants from order entered 4 August 2006 by Judge Thomas D. Haigwood in Granville County Superior Court. Heard in the Court of Appeals 20 August 2007.

*Hayes Hofler, P.A., by R. Hayes Hofler, for plaintiff-appellant/cross-appellee.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Ronald C. Dilthey and Tobias S. Hampson, for defendants-appellees/cross-appellants.*

TYSON, Judge.

Rennie L. Wilkins ("plaintiff") appeals from order entered granting Perry Safran's ("defendant") and The Law Offices of Perry R. Safran's (collectively, "defendants") motions for summary judgment against plaintiff's claims for attorney negligence/malpractice, breach

of fiduciary duty, constructive fraud, and punitive damages. Defendants cross-appeal from that portion of the order denying their motion for summary judgment on plaintiff's claim for statutory damages pursuant to N.C. Gen. Stat. § 84-13. We affirm in part, reverse in part, and remand.

## I. Background

Defendant is a duly-licensed attorney and counselor at law, and member of the North Carolina State Bar. The Law Offices of Perry R. Safran, P.A., is chartered by the North Carolina Secretary of State, is an active entity, and is an approved professional association by the North Carolina State Bar. Defendants represented plaintiff for over five years regarding a construction lawsuit filed against plaintiff on 21 April 1998.

In February 2003, defendant suffered a heart attack. On 25 April 2003, defendants submitted a written request asking the court to set the original case for trial on 22 September 2003. Following defendant's heart attack and the resignation of some of the lawyers from defendant's staff, defendants filed a motion to withdraw as plaintiff's counsel on 31 July 2003. Defendants' motion asserted plaintiff had been notified of their motion to withdraw and was actively seeking new counsel. Plaintiff denies he was notified. On 1 August 2003, defendants' motion to withdraw as counsel was granted. Defendants served plaintiff with a copy of the order allowing their withdrawal on 4 August 2003.

After defendants withdrew, plaintiff retained other counsel to represent him in the underlying construction lawsuit. On 4 September 2003, plaintiff submitted motions to continue the 22 September 2003 trial date, or, alternatively, to set aside the order allowing defendants' withdrawal. Both motions were initially denied, but the court ordered the motions could be reconsidered on the day of trial.

Prior to the trial date, plaintiff and his new counsel negotiated a settlement of the construction lawsuit. In the settlement, plaintiff agreed to pay $22,500.00 in exchange for a voluntary dismissal of the suit with prejudice. This agreement did not release defendants "from any claims that [plaintiff] ha[d] or may have against [defendants] or to limit in any way any claims that [plaintiff] may have against [defendants]."

On 28 December 2004, plaintiff commenced a legal malpractice action. A partial summary judgment order was entered on 4 August 2006 dismissing plaintiff's claims for: (1) attorney negligence/

malpractice; (2) breach of fiduciary duty; (3) constructive fraud; and (4) punitive damages. The trial court denied defendants' motion for summary judgment in part on plaintiff's claim for statutory damages under N.C. Gen. Stat. § 84-13. Plaintiff appeals and defendants cross-appeal.

## II. Issues

Plaintiff argues the trial court erred by allowing defendants' motions for summary judgment in part and dismissing his claims.

On cross-appeal, defendants argue the trial court erred by denying their motion for summary judgment in part on plaintiff's claim for statutory damages under N.C. Gen. Stat. § 84-13.

## III. Interlocutory Appeals

**[1]** Neither party raised or argued to dismiss either appeal as interlocutory. As a preliminary matter, both appeals are interlocutory. An interlocutory appeal arises when an order is entered by the trial court that does not dispose of the entire controversy between the parties. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). The general rule is that a party is "not entitled to immediately appeal an interlocutory order." *Id.* There are two exceptions to allow an immediate review of an interlocutory ruling: (1) "where the order represents a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal" or (2) "where delaying the appeal will irreparably impair a substantial right of the party." *Id.* (internal quotation omitted). Here, the trial court certified no just reason exists to delay an appeal of the order. Even though this Court is not bound by the trial court's certification, in our discretion we review these interlocutory appeals because there is no just reason for delay and our review will avoid both piece-meal litigation and the risk of inconsistent verdicts. *See First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) ("[T]he trial court's determination that 'there is no just reason to delay the appeal,' while accorded great deference, cannot bind the appellate courts because 'ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court.' " (Citations omitted)).

## IV. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

*Draughon v. Harnett County Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) (quotations omitted), *aff'd*, 358 N.C. 131, 591 S.E.2d 521 (2004). We review an order allowing summary judgment *de novo*. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989).

## V. Plaintiff's Appeal

Plaintiff argues the trial court erred in allowing defendants' motions for summary judgment in part and dismissing his claims against defendants. We disagree.

## A. Attorney Negligence/Malpractice

**[2]** [I]n a professional malpractice case predicated upon a theory of an attorney's negligence, the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client . . . and that this negligence (2) proximately caused (3) damage to the plaintiff.

*Rorrer v. Cooke*, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (citations omitted).

An attorney:

> is answerable in damages for any loss to his client which proxi-
> mately results from a want of that degree of knowledge and skill
> ordinarily possessed by others of his profession similarly situ-
> ated, or from the omission to use reasonable care and diligence,
> or from the failure to exercise in good faith his best judgment in
> attending to the litigation committed in his care.

*Hodges v. Carter*, 239 N.C. 517, 520, 80 S.E.2d 144, 146 (1954).

> A plaintiff in a legal malpractice action must establish that the
> loss would not have occurred but for the attorney's conduct. A
> plaintiff must prove: (1) The original claim was valid; (2) It would
> have resulted in a judgment in his favor; and (3) The judgment
> would have been collectible. A plaintiff alleging a legal malprac-
> tice action must prove a case within a case, meaning a showing of
> the viability and likelihood of success of the underlying action.

*Formyduval v. Britt*, 177 N.C. App. 654, 658, 630 S.E.2d 192, 194
(2006) (internal quotations omitted), *aff'd*, 361 N.C. 215, 639 S.E.2d
443 (2007).

Defendant suffered a heart attack in February 2003. Lawyers
assisting defendant in plaintiff's litigation resigned in July 2003. On 31
July 2003, defendants moved to withdraw as counsel on the grounds
that the associate attorney in charge of the litigation on behalf of
plaintiff was now working at a different law firm and defendant's
health did not allow his continued representation of plaintiff. The cer-
tificate of service attached to this motion certified plaintiff was
served by placing a copy addressed to plaintiff in the United States
mail on 31 July 2003. The trial court granted defendants' motion to
withdraw as counsel on 1 August 2003 and plaintiff was served the
order allowing withdrawal on 4 August 2003.

N.C. State Bar Rules of Professional Conduct, Rule 1.16(a) (2007)
states that an attorney "*shall* withdraw from the representation of a
client if: . . . (2) the lawyer's physical or mental condition materially
impairs the lawyer's ability to represent the client[.]" (Emphasis sup-
plied). Plaintiff's expert witness stated that defendants' conduct vio-
lated the standard of care with regard to the requirement to give rea-
sonable notice to the client and to allow plaintiff sufficient time to
employ other counsel. Under the facts at bar, we disagree.

Defendants filed their motion to withdraw more than seven
weeks prior to the scheduled trial date. Defendants' motion complied

with the State Bar Rules of Professional Conduct allowing withdrawal due to defendant's ill health. Defendants' motion to withdraw did not breach the duty owed to plaintiff.

Defendants received a binding court order allowing defendants' motion to withdraw. Plaintiff's new counsel properly requested a continuance and challenged the trial court's order granting defendants' motion to withdraw. *See Williams & Michael, P.A. v. Kennamer*, 71 N.C. App. 215, 217, 321 S.E.2d 514, 516 (1984) ("Where an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion. The Court must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal."); *Smith v. Bryant*, 264 N.C. 208, 141 S.E.2d 303 (1965) (New trial granted when trial judge did not continue the defendant's case for a reasonable time after attorney refused to represent the defendant.).

Although plaintiff's motions to continue or to set aside defendants' withdrawal were initially denied, the trial court allowed both motions to be reconsidered on the day of trial. Plaintiff and his new counsel settled the claims against plaintiff prior to the scheduled trial date. Summary judgment was properly granted for defendants on plaintiff's claim of attorney negligence/malpractice. This assignment of error is overruled.

## B. Breach of Fiduciary Duty

[3] "Breach of fiduciary duty is a species of negligence or professional malpractice." *Heath v. Craighill, Rendleman, Ingle & Blythe, P.A.*, 97 N.C. App. 236, 244, 388 S.E.2d 178, 183 (citing *Childers v. Hayes*, 77 N.C. App. 792, 795, 336 S.E.2d 146, 148 (1985), *disc. rev. denied*, 316 N.C. 375, 342 S.E.2d 892 (1986)), *disc. rev. denied*, 327 N.C. 428, 395 S.E.2d 678 (1990). Because defendants asserted a proper basis and moved to withdraw, defendants' conduct did not breach their fiduciary duty owed to plaintiff. The trial court properly granted defendants' motion for summary judgment on plaintiff's breach of fiduciary duty claim. This assignment of error is overruled.

## C. Constructive Fraud

[4] A *prima facie* showing of constructive fraud requires plaintiff to prove "that they and defendants were in a 'relation of trust and confidence . . . [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " *Barger v. McCoy*

*Hillard & Parks,* 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997) (quoting *Rhodes v. Jones,* 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950)). The "relationship of attorney and client creates such a relationship of trust and confidence." *Fox v. Wilson,* 85 N.C. App. 292, 299, 354 S.E.2d 737, 742 (1987) (citations omitted). Plaintiff's evidence must prove defendants sought to benefit themselves or to take advantage of the confidential relationship. *Barger,* 346 N.C. at 666, 488 S.E.2d at 224; *NationsBank v. Parker,* 140 N.C. App. 106, 114, 535 S.E.2d 597, 602 (2000).

Plaintiff presented no evidence tending to show defendants sought or gained any personal benefit by withdrawing from representation of plaintiff. In the absence of such a showing, the trial court properly granted summary judgment for defendants on plaintiff's claim of constructive fraud. This assignment of error is overruled.

### D. Punitive Damages

**[5]** "Punitive damages may be awarded, in an appropriate case . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1 (2005); *see Rhyne v. K-Mart Corp.,* 358 N.C. 160, 167, 594 S.E.2d 1, 7 (2004) ("Chapter 1D reinforces the common-law purpose behind punitive damages by providing that they are to be awarded to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." (Quotation omitted)).

"[T]he claimant must prove that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) fraud; (2) malice; or (3) willful or wanton conduct." N.C. Gen. Stat. § 1D-15(a) (2005). The aggravating factors must be "averred with particularity" and proved by clear and convincing evidence. N.C. Gen. Stat. § 1A-1, Rule 9(k) (2005); N.C. Gen. Stat. § 1D-15(b) (2005); *see Burgess v. Busby,* 142 N.C. App. 393, 410, 544 S.E.2d 4, 13 (2001) (Order reversed when aggravating factor was sufficiently alleged in the complaint to support a claim for punitive damages).

Viewed in the light most favorable to plaintiff, defendants' evidence tends to show they moved to withdraw from representation of plaintiff due to ill health and the resignation of the primary associate attorney working on plaintiff's case from the firm. Defendants

asserted a proper basis and utilized proper procedures mandated by the Rules of Professional Conduct and the Rules for Superior Court Practice to move to withdraw. Defendants are not liable for any compensatory damages based on their proper withdrawal. Plaintiff's evidence fails to raise an inference of the existence of any of the three aggravating factors necessary to support a claim for punitive damages. N.C. Gen. Stat. § 1D-15(a). The trial court properly granted summary judgment on plaintiff's claim for punitive damages. This assignment of error is overruled.

## VI. Defendants' Appeal

**[6]** Defendants argue on cross-appeal that the trial court erred by denying their motion for summary judgment in part on the plaintiff's claims for statutory damages under N.C. Gen. Stat. § 84-13. We agree.

N.C. Gen. Stat. § 84-13 (2005) provides, "[i]f any attorney commits any fraudulent practice, he shall be liable in an action to the party injured, and on the verdict passing against him, judgment shall be given for the plaintiff to recover double damages."

In *Jordan v. Crew*, this Court held that if a plaintiff fails to state a viable claim for fraud, constructive fraud, or any "fraudulent practice," no derivative claim for double damages arises under N.C. Gen. Stat. § 84-13. 125 N.C. App. 712, 720, 482 S.E.2d 735, 739, *disc. rev. denied*, 346 N.C. 279, 487 S.E.2d 548 (1997). We have held the trial court properly granted summary judgment for defendants on plaintiff's breach of fiduciary duty and constructive fraud claims. Without a *prima facie* showing of actual or constructive fraud or any "fraudulent practice," no claim for double damages arises under N.C. Gen. Stat. § 84-13. *Id.* The trial court erred in denying defendants' motion for summary judgment on plaintiff's claim for statutory damages under N.C. Gen. Stat. § 84-13. We reverse that portion of the trial court's order and remand for entry of summary judgment for defendants.

## VII. Conclusion

The trial court properly granted defendants' motions for summary judgment on plaintiff's claims for: (1) attorney negligence/malpractice; (2) breach of fiduciary duty; (3) constructive fraud; and (4) punitive damages. Viewed in the light most favorable to plaintiff, no genuine issues of material fact exist on those claims. That portion of the trial court's order is affirmed.

Once the underlying claims for breach of fiduciary duty and constructive fraud claims were properly dismissed, plaintiff could not establish the statutory requirements for a claim for double damages pursuant to N.C. Gen. Stat. § 84-13. The trial court erred in denying defendants' motion for summary judgment in part. That portion of the trial court's order is reversed. This case is remanded for entry of summary judgment for defendants on plaintiff's statutory damages claim. *Id.*

Affirmed in Part, Reversed in Part, and Remanded.

Chief Judge MARTIN and Judge McCULLOUGH concur.