DEBRA SIZEMORE HENSLEY, ADMINISTRATRIX OF THE ESTATE OF ASHLEY NICOLE HENSLEY RAYMER, DECEASED, PLAINTIFF v. NATIONAL FREIGHT TRANSPORTATION, INC.; TDY INDUSTRIES, INC., D/B/A ALLVAC; LARRY ALLEN SMITH, INDIVIDUALLY AND D/B/A LARRY ALLEN SMITH TRUCKING; PAUL WAYNE SMITH, INDIVIDUALLY AND D/B/A LARRY ALLEN SMITH TRUCKING; ROBERT E. SMITH, INDIVIDUALLY AND D/B/A ALLEN SMITH TRUCKING; AND ALLEN SMITH TRUCKING, A *DE FACTO* NORTH CAROLINA PARTNERSHIP, DEFENDANTS

No. COA07-1544

(Filed 4 November 2008)

**Negligence— freight falling from flatbed truck—responsibility for loading truck—issue of fact**

Summary judgment should not have been granted for defendant shipper in a negligence action which resulted from a death of a motorcycle passenger after a coil of wire fell from a pallet on a flatbed truck onto an interstate highway. There was an issue of fact as to whether the shipper or the carrier was responsible for loading the truck.

Judge Tyson dissenting.

Appeal by plaintiff from judgment entered 23 August 2007 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 May 2008.

*Guthrie, Davis, Henderson & Staton PLLC, by Dennis L. Guthrie, John H. Hasty, and Justin N. Davis, for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by James P. Cooney and Tricia Morvan Derr, for TDY Industries, Inc., d/b/a Allvac defendant appellee.*

McCULLOUGH, Judge.

Plaintiff appeals from a trial court order granting defendant's motion for summary judgment. We reverse and remand.

FACTS

On 30 June 2005, Robert Smith ("Robert"), a truck driver who worked for National Freight Transportation, Inc. ("National Freight"), drove a flatbed truck to the TDY Industries, Inc., d/b/a Allvac ("Allvac") facility in Richburg, South Carolina to pick up a load of zir-

conium wire coil. The coils were lying on four pallets that were to be loaded onto the truck. One of the pallets held four coils, while the remaining pallets each held a single coil. Robert instructed the facility's forklift operator to load the pallets onto the truck and provided guidance as to where the pallets should be placed. Unhappy with the look of the pallet holding four coils, Robert instructed the facility workers to remove that pallet and band the coils. Robert then directed the forklift operator to replace the coils and used additional straps to secure the coils. After securing the coils, Robert signed a bill of lading and drove the truck to the Allvac plant in Monroe, North Carolina. Once in Monroe, Robert was informed that the plant was closed, so he checked the straps securing the load, tightened those straps that felt loose, and drove the truck to Harrisburg, North Carolina.

On 1 July 2005, Robert again drove to the Allvac Plant in Monroe. Before he left, he checked the load and tightened some of the straps. Upon arriving at the Monroe plant, Robert directed Allvac employees as to where to place additional materials on the truck. Robert tied down the materials, checked all the straps, tightened them, and drove the truck to a garage in Harrisburg.

On 4 July 2005, Larry Smith ("Larry"), who also worked for National Freight, left the garage with the truck and began to drive to Huntsville, Alabama. On his way to Huntsville, Larry heard a noise while driving southbound on Interstate 85. Larry looked in his right-hand mirror and saw sparks coming from the back of the truck. Thinking he may have lost a wheel, Larry stopped the truck at the side of the road. After inspecting the truck and his cargo, Larry determined that one of the coils had fallen off his truck.

On the evening of 4 July 2005, Ashley Nicole Hensley Raymer ("decedent") was riding on the back of a motorcycle being driven by Jeffrey Eugene Wellman. The two were driving on Interstate 85 in Mecklenburg County when Mr. Wellman observed sparks approximately 25 to 35 yards ahead of the motorcycle. Mr. Wellman moved the vehicle to dodge debris in the road, but was unable to dodge the coil lying in the road. The motorcycle struck the coil and ejected decedent into the road. An oncoming truck then struck decedent, causing her to sustain serious injuries. Decedent died as a result of those injuries later that evening.

On 8 December 2005, Debra Sizemore Hensley, Administratrix of the Estate of Ashley Nicole Hensley Raymer, deceased ("plaintiff"),

filed a complaint against National Freight, Allvac, Larry Allen Smith, Paul Wayne Smith, and Larry Allen Smith Trucking ("defendants") alleging defendants' negligence was the proximate cause of decedent's injuries. On 10 July 2007, Allvac filed a motion for summary judgment, asserting that no material question existed as to Allvac's liability for decedent's injuries. On 23 August 2007, the trial court granted the motion and dismissed all of plaintiff's claims against Allvac. Plaintiff now appeals.

I.

Plaintiff argues on appeal that the trial court erred in entering summary judgment in favor of Allvac. We agree.

"In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact." *Ragland v. Moore*, 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980). Where a party has moved for summary judgment, the movant bears the burden of showing "that there is no triable issue of fact and that he is entitled to judgment as a matter of law." *Id.* The movant may meet this burden "by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim[.]" *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). However, "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant." *Lord v. Beerman*, 191 N.C. App. 290, 293, 664 S.E.2d 331, 334 (2008). "[I]t is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court." *Ragland*, 299 N.C. at 363, 261 S.E.2d at 668. On appeal, a trial court's grant of summary judgment will be reviewed *de novo. Lord*, 191 N.C. App. at 293, 664 S.E.2d at 334.

"North Carolina follows the lex loci delicti rule (law of the situs of the claim) in resolving choice of law for tort claims." *Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 690, 376 S.E.2d 47, 49 (1989). "The law of the place where the injury occurs controls tort claims, because an act has legal significance only if the jurisdiction where it occurs recognizes that legal rights and obligations ensue from it." *Id.* Here, decedent was injured in North Carolina so her substantive rights with regard to negligence must be determined by North Carolina law. *See id.*

Our state Legislature has determined that "[t]he [North Carolina Division of Motor Vehicles] may adopt any rules necessary to carry out the provisions of this Article." N.C. Gen. Stat. § 20-37.22 (2007). According to the Division,

> [t]he rules and regulations adopted by the U.S. Department of Transportation relating to safety of operation and equipment (49 CFR Parts 390-397 and amendments thereto) shall apply to all for-hire motor carriers and all for-hire motor carrier vehicles, and all private motor carriers and all private motor carrier vehicles engaged in interstate commerce over the highways of the State of North Carolina if such vehicles are commercial motor vehicles as defined in 49 CFR Part 390.5.

19A N.C.A.C. 3D.0801 (2007).

The Code of Federal Regulations provides, in pertinent part, that "[a] driver may not operate a commercial motor vehicle and a motor carrier may not require or permit a driver to operate a commercial motor vehicle unless . . . [t]he commercial motor vehicle's cargo is properly distributed and adequately secured[.]" 49 C.F.R. § 392.9(a)(1) (2007). Further, under these regulations, the driver of the truck has an affirmative duty to ensure the truck's cargo is properly distributed and adequately secured before he operates the vehicle. *Id.* "While not dispositive, [these regulations are] indicative of the proper allocation of duty as between a common carrier and a shipper for the proper loading of goods." *Rector v. General Motors Corp.*, 963 F.2d 144, 147 (6th Cir. Ky. 1992).

Under federal law, "[t]he primary duty as to the safe loading of property is therefore upon the carrier." *U.S. v. Savage Truck Line*, 209 F.2d 442, 445-46 (4th Cir. Va. 1953), *cert. denied*, 347 U.S. 952, 98 L. Ed. 1098 (1954). However,

> "[w]hen the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper."

*Franklin Stainless Corp. v. Marlo Transport Corp.*, 748 F.2d 865, 868 (4th Cir. Va. 1984) (citation omitted).

In the case *sub judice*, Allvac filed a motion for summary judgment alleging National Freight assumed the responsibility for the

**HENSLEY v. NATIONAL FREIGHT TRANSP., INC.**

[193 N.C. App. 561 (2008)]

loading of the truck, and thus, Allvac was not liable for the accident. The trial court reviewed the motion and granted summary judgment, holding that there existed no genuine issue of material fact and that Allvac was entitled to judgment as a matter of law. On appeal, plaintiff argues the trial court erred in granting summary judgment because a genuine issue of material fact remains as to whether Allvac is liable for the negligent loading of the truck.

Our review of the record reveals that the loading of the truck was supervised by Robert Smith, the driver for National Freight. Robert instructed the facility workers on where to put the coils on the truck, directed that facility workers remove some of the coils, and requested that these coils be banded. Robert then instructed the facility workers on where to place the banded coils on the truck. Once the truck was loaded, Robert inspected the load and signed a bill of lading indicating that the truck had been "loaded and braced in accordance with the truck drivers' instructions."

Although the evidence demonstrates that Robert played a prominent role in the loading of the truck, the record on appeal also contains some evidence that Allvac, the shipper, maintained responsibility as to how the truck should be loaded. Mr. Smith testified that when the facility workers first loaded the truck, the four coils on the pallet in question were stacked on top of each other. According to Robert's testimony, when he inquired as to why they were being shipped in this manner, the forklift operator at the facility responded, "that's the way they wanted them shipped." Further, Robert testified that although he requested the coils be banded by the facility workers, he could not "tell them how to band it." Thus, Robert's testimony serves as evidence that Allvac maintained the ultimate responsibility in determining how the coils would be packaged and shipped on the truck.

After reviewing the arguments before us, we hold an issue of material fact remains as to which party bore the responsibility for the loading of the truck. Thus, the jury, and not the trial court, should make the determination of whether Allvac is liable for plaintiff's injuries.[1] Accordingly, we reverse the trial court's grant of summary

---

1. In its brief, Allvac argues that even if it bore responsibility for the loading of the truck, such improper loading was apparent, and thus, National Freight would be liable for failing to take further steps to secure the cargo. Although Allvac may be correct in this assertion, we hold this to be a question for the trier of fact. Therefore, summary judgment is not appropriate on this issue. *See Ebasco Service, Inc. v. Pacific Intermountain Express Co.*, 398 F. Supp. 565 (S.D.N.Y. 1975).

judgment and remand the case for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge STROUD concurs.

Judge TYSON dissents by separate opinion.

TYSON, Judge dissenting.

The majority opinion erroneously reverses the trial court's grant of summary judgment for TDY Industries, Inc. d/b/a Allvac ("Allvac") and remands the case for further proceedings. The trial court correctly ruled there are no genuine issues of material fact and Allvac is entitled to judgment as a matter of law. The trial court's judgment should be affirmed. I respectfully dissent.

### I. Standard of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

We review an order allowing summary judgment *de novo*. If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal.

*Wilkins v. Safran*, 185 N.C. App. 668, 671-72, 649 S.E.2d 658, 661 (2007) (internal citations and quotations omitted).

## II. Analysis

The majority's opinion holds that "an issue of material fact remains as to which party bore the responsibility for the loading of the truck." I disagree.

The Code of Federal Regulations provides:

> A driver may not operate a commercial motor vehicle and a motor carrier may not require or permit a driver to operate a commercial motor vehicle unless—
>
> (1) The commercial motor vehicle's cargo is properly distributed and adequately secured as specified in §§ 393.100 through 393.142 of this subchapter.

49 C.F.R. § 392.9(a) (2005).

This Federal Regulation is consistent with N.C. Gen. Stat. § 20-116(g)(1) (2005), which provides:

> No vehicle shall be driven or moved on any highway unless the vehicle is constructed and loaded to prevent any of its load from falling, blowing, dropping, shifting, leaking, or otherwise escaping therefrom, and the vehicle shall not contain any holes, cracks, or openings through which any of its load may escape.

Both the Federal Regulation and our State place the liability for securing the load on a vehicle upon the carrier and driver of the vehicle, not the shipper.

The United States Court of Appeals for the Fourth Circuit has stated:

> The primary duty as to the safe loading of property is therefore upon the carrier. When the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper.

*United States v. Savage Truck Line*, 209 F.2d 442, 445 (4th Cir. 1953), *cert. denied*, 347 U.S. 952, 98 L. Ed. 1098 (1954); *see also Franklin Stainless Corp. v. Marlo Transport Corp.*, 748 F.2d 865, 868 (4th Cir.

1984) ("Responsibility for obviously improper loading generally rests on the carrier, and it must indemnify the shipper even though the shipper loaded the truck." (Citing *General Electric Co. v. Moretz*, 270 F.2d 780 (4th Cir. 1959); *Savage Truck Line*, 209 F.2d at 442)).

Here, Allvac showed "entitlement to summary judgment" when plaintiff could not establish Allvac owed plaintiff's decedent any duty to load or transport the coils safely, "an essential element of [plaintiff's] claim . . . ." *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661; *see also Petty v. Print Works*, 243 N.C. 292, 298, 90 S.E.2d 717, 721 (1956) ("To recover damages for actionable negligence, plaintiff must establish (1) a legal duty, (2) a breach thereof, and (3) injury proximately caused by such breach." (Citation omitted)).

There is no genuine issue of material fact that Robert Smith, the driver who picked up the load at Allvac,: (1) instructed the forklift operator on where to place the coils on the truck; (2) instructed the forklift operator to take the coils off the truck and to band them; (3) instructed the forklift driver on where to replace the coils on his truck after banding; (4) inspected the load before leaving Allvac; (5) was satisfied that the truck had been loaded in accordance with his standards and his instructions; (6) signed two bills of lading, both of which acknowledged that the truck had been "loaded and braced in accordance with [his] instructions[;]" and (7) acknowledged that it was his job, his duty, and his responsibility, as the driver of the truck, to be sure that the coils were properly loaded with his instructions.

Once Allvac established its "entitlement to summary judgment[,]" "the burden shift[ed] to [plaintiff] to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that [s]he can at least establish a *prima face* case at trial." *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661. Plaintiff failed to produce any forecast of genuine issues of material fact to show that Allvac had retained or assumed any responsibility for the manner of or oversight over the loading or transporting of the coils.

The incident where plaintiff's decedent was killed, occurred five days and hundreds of miles after the shipment left Allvac's facility. Plaintiff failed to carry her burden "to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that [s]he can at least establish a *prima facie* case at trial." *Id.* The trial court properly granted Allvac's motion for summary judgment and its judgment should be affirmed.

III.  Conclusion

After Allvac showed entitlement to summary judgment, plaintiff failed "to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that [s]he can at least establish a prima face case at trial." *Id.* An essential element of her claim is absent. Under our standard of review, the trial court properly granted Allvac's motion for summary judgment. *Id.* at 671-72, 649 S.E.2d at 661. I vote to affirm the trial court's order and respectfully dissent.